ELI B. CLEMSON and ISRAEL WATERS, appellants *v.* The President and Directors of the STATE BANK OF ILLINOIS, appellees.

*Appeal from St. Clair.*

It would be clearly unjust to permit a party to assign his own mistakes as error.
Where C. and W. are joined as defendants in a suit, and process served only on C., and the defendants' attorney in a demurrer to the declaration, used the language "defendants come by their attorney, and defend," &c. but in the subsequent pleadings used only the name of C., held that he did not thereby enter W.'s appearance.
It is not error for the Court to give final judgment against the defendant, upon sustaining the plaintiffs' demurrer to a bad plea.
The granting or refusing an application to withdraw a plea and plead *de novo,* rests in the discretion of the Court.
A writ of inquiry is never necessary where the damages can be ascertained by computation.

J. SEMPLE, for the appellants.

A. COWLES and T. FORD, for the appellees.

LOCKWOOD, Justice, delivered the opinion of the Court:

This is an action of *covenant* brought by The President and Directors of the State Bank of Illinois, on a sealed note, against Clemson and one Waters. Several errors have been assigned, which will be noticed in their order. The first error assigned, is, that judgment was given against Clemson alone, when it ought to have been given against both defendants. It appears by the return on the writ, that Clemson only was served with process. The defendants' attorney, in a demurrer to the declaration, used the words "defendants come by their attorney, and defend," &c. but in the subsequent pleadings, the defendants' attorney used only

Clemson *et al. v.* State Bank of Illinois.

the name of Clemson. Was here such an appearance on the part of Waters, as compelled the plaintiffs to consider him in court? We think not. As Waters was not served, it evidently was a mistake on the part of the attorney, in using a plural noun and verb, instead of a singular one,—and a mistake which .the Court would have permitted him to amend. The defendants' attorney did not apply to the Court to correct the mistake, but corrected it himself in the subsequent pleadings. It would be clearly unjust to permit a party to assign his own mistakes as errors to reverse a judgment.

The second error assigned, is, "that the Court below gave judgment on the plaintiff's demurrer in chief, when the judgment should have been *respondeas ouster.*" When a plea is filed, the plaintiff replies, either by taking issue, or setting up new matter in avoidance—or demurs. If the plaintiff demurs to defendant's plea, the law arising on the case is referred to the Court, and if the plea furnishes no legal defence to the action, the judgment is always either interlocutory or final, according to the nature of the action. The only mode given to the defendant to contest the facts set out in the declaration, is by applying to the Court for leave to withdraw the bad plea, and plead *de novo,* which application rests in the discretion of the Court to grant or refuse. No motion having been made for leave to withdraw the plea, and plead again, the defendant elected to abide by the goodness .of his plea, and he cannot now assign for error, that the Court ought to have given judgment of *respondeas ouster.*

The third error assigned, is, "that the Circuit Court ordered the clerk to assess the damages, when by the law of the land the said Court should have awarded a writ of inquiry." On the argument it was urged that the copy of the note appended to the declaration, contains no date, and consequently the clerk had no time from which to calculate interest. By examining the declaration, however, it is there averred that the note was made and delivered on the 23d day of June, 1825, and by the decision of the case of Sims *v.* Hugsby,(1) the copy of the note is not a part of the declaration, consequently this furnishes no objection to the clerk's assessing the damages. If the clerk made any mistake in assessing the damages, the proper remedy was, by applying to the Court below to correct it. It was also urged on the argument, that by the statute, the clerk could only assess damages where a default for not pleading had been entered. In the case of Rust *v.* Frothingham and Fort,(2) this Court decided that a "writ of inquiry is never necessary where the damages can be ascertained by computation." The third assignment of error therefore furnishes no ground for reversing the judgment. The judgment is affirmed with costs.

*Judgment affirmed.*

(1) Breese's App. 27.          (2) Breese, 258.