FIIDBD, P-
In this case several questions were discussed by the appellants’ counsel, some of which we deem it unnecessary to express an opinion upon. The suit was an action of detinue brought in the Superior Court of Haw in Fauquier county, in August, 1818, in the name of Thomas B. Maddox, committee of Burr Harrison, a lunatic, against Thomson Ashby, to recover a negro girl named Caroline. The committee having been changed whilst the suit was pending, a scire facias was issued against the defendant, to revive the suit in the name of George Harrison and William Harrison, the new committee, and returned “executed,” to April term 1825. In 1826, the cause was tried, and verdict rendered for the plaintiff, subject to the opinion of the court on the demurrer to the plaintiff’s evidence filed by the defendant, on which the court rendered judgment for the plaintiff. As the law was when the suit was instituted, the committee of a lunatic had no right to bring an action of detinue in his own name for the recovery of the property of the lunatic. His right to sue on behalf of the lunatic, in his own name, was confined to suits for the recovery of debts, such being the provisions of the law at that time. Nor was there any law to authorize the suit to be revived and prosecuted after Maddox was removed from office in the names of *'the succeeding committee, George and William Harrison. On these grounds the judgment should be reversed, with costs of appeal, and the cause remanded to the Circuit Court of Fauquier county, with directions to set aside the demurrer to evidence, and abate the suit, but without costs, in consequence of the removal of Thomas Maddox from office as the committee of Burr Harrison.
THOMPSON, J.
I am of opinion, that without a right given or an authority conferred by statute, an action to recover the property of the lunatic could not be maintained in the name of the committee, and that when the action was brought no such right of action was given. When this action was commenced, and as early as 1790, (see Hening’s Statutes at Barge, 1789-92, vol. 13, p. 128-9), if not earlier, committees of such lunatics as were sent to the lunatic hospital, could sue and be sued for the debts of the lunatics; but it was not until the Revisal of 1819, (which was subsequent to the bringing of this suit,) see Code of 1819, vol. 1st, ch. 109, g 22, p. 417; reenacted in the Code of 1849, ch. 85, $ 45, p. 394 — that the general power was given to the committees of all lunatics, “whether sent to the hospital or not,” to sue and be sued in relation to their estates; that is, *432 to bring other actions, besides having the right to sue, and being liable in debt, as provided by the statutes in force before the Revisal of 1819. I am further of opinion, that had the action been maintainable when brought, in the name of Thomas L. Maddox, it was not revivable by scire facias after his removal in Oct. 1821, in the name of his successors George and William Harrison — the right of revivor being a statutory remedy, and there being no law in existence at the time of suing out the scire facias authorizing a revivor in such a case.
X am, therefore, of opinion, as the suit was not maintainable when commenced, that upon that ground the demurrer to evidence should have been sustained, had Maddox not been removed, and had he continued a*party on the record; but having been removed, and the suit not being revivable by scire facias in the names of George and William Harrison,his successors — or revivable at all — the demurrer to evidence should have been set aside, and the suit abated. This renders unnecessary the expression of any opinion upon the merits, or on the question of title to or property' in the slave, the subject of controversy, disclosed by the testimony incorporated in the demurrer to evidence; since the case gone off upon the ground, that it was neither maintainable when brought, in the name of Maddox, nor re-vivable in the name of the appellees after his removal. I therefore concur in the judgment to be entered, reversing the judgment of the court below with costs, and remanding the cause, with instructions to set aside the demurrer to evidence, and enter a judgment of abatement.
CLOPTON, J., concurred with the other judges.