## Richmond.

### SMITH & WIMSATT v. CHILTON, ASSIGNEE.

### BOYD M. SMITH v. SAME.

| 77 | 535 |
|----|-----|
| 89 | 649 |

May 10th, 1883.

1. ATTACHMENTS IN EQUITY—*Service out of the state.*—Under Code 1873, ch. 148, § 27, defendants in foreign attachment may appear pending the suit, tender security for costs and have it reheard. The exception of a defendant served with a copy of the attachment, or with process *in the suit*, does not refer to a service thereof outside the proceedings in the suit or *outside the state.* And such service can have no greater effect than an order of publication duly posted and published. *Vide Anderson* v. *Johnson,* 32 Gratt. 558. This rule applies to acknowledgments of such services made *outside the state.*

2. IDEM—*Idem—Case at bar.*—In 1878, C. sued out foreign attachments against S. & W., non-residents, and L., home defendant. The original summons was served on L., and as to S. & W., was returned "S. & W. non-residents." After the return day another summons was returned endorsed, "hereby we acknowledge legal service of the within," which acknowledgment was made in the District of Columbia. In 1879, sale of the attached effects was decreed. In 1880, before the decree was executed, S. & W. appeared and petitioned that the cause be reheard. The circuit court dismissed the petitions.

HELD:

    1. The acknowledgment by S. & W. of legal service within the District of Columbia, must be treated as equivalent to an order of publication duly posted and published, and no more.

    2. Such acknowledgment did not give the court jurisdiction over the persons of the defendants so as to entitle it to render personal decrees against them, but it had the effect of substituted service under Code 1873, ch. 166, § 15, and brought these causes within the purview of § 27, ch. 148, Code 1873, and entitled the defendants at any time within five years from the date of the decree to have the cause reheard.

3. The acknowledgment of the service more than sixty days before the date of the decrees complained of, does not militate against the defendants' right to have the causes reheard.

Appeals from decrees of circuit court of Northumberland county, rendered 26th October, 1880, in the causes of William Chilton, assignee of Lloyd T. Smith, against Smith & Wimsatt and Lloyd T. Smith, and said Chilton, as such assignee, against Boyd M. Smith and Lloyd T. Smith. The defendants, except Lloyd T. Smith, resided in the District of Columbia, and there acknowledged legal service of the process in the suits. Lloyd T. Smith resided in Northumberland county, and had under his control effects belonging to the non-resident defendants, which were attached for the debts alleged to be due to Chilton. A decree to sell the attached effects was entered 29th April, 1879. Before it had been fully executed, in October, 1879, the non-resident defendants appeared and filed their petitions in the causes asking to have them reheard. The circuit court refused to entertain the petitions, and dismissed them. The other facts and the proceedings are fully set forth in the opinion of the court.

*F. L. Smith,* for the appellants.

No counsel for the appellee.

HINTON, J., delivered the opinion of the court.

These two causes involve the same question, and will be considered together. Both suits are attachments in equity, in which the circuit court of Northumberland county decreed in favor of the appellee for the full amount of certain claims asserted in said suits, and ordered the sale of the property attached to satisfy the same. At October term, 1880, and before these decrees had been fully executed, the appellants sought to file petitions in which they allege that the appellee, William Chilton, who sues

as assignee of Lloyd T. Smith, had paid no consideration for these claims; and further, that at the date of the attachments there were unsettled accounts between them and the said Smith, which have been since settled by Smith's agreeing to receive the sum of $1,000 in full discharge thereof.

They pray that they may be heard by answers in these causes; that so much of the decrees as fixes the amount of their indebtedness and directs the sale of the real estate and personal effects not already sold, may be suspended, and that a special commissioner may be required to inquire into and state the accounts, in which they may have credit for all payments made to and property used by Lloyd T. Smith.

On the 26th day of October, 1880, the court entered a decree in each of these causes, refusing permission to file the petitions and answers. And from these decrees the respondents below appeal.

These decrees are erroneous. It appears from the records that there has been no actual publication in either cause, but that the subpœnas with the attachments endorsed thereon, and acknowledgments of legal service, were returned to the clerk's office after return day and filed as executed, by the acknowledgment of the appellants, Boyd M. Smith and Samuel H. Wimsatt, in the first of these causes, and by the acknowledgment of the appellant, Boyd M. Smith, in the second cause. Now, after the best consideration, we have been able to give the subject, we have come to the conclusion that the acknowledgment of legal service by the appellants within the District of Columbia must be considered and treated as equivalent to an actual publication. Section fifteen, chapter one hundred and sixty-six, Code 1873, provides: "Personal service of the summons, *scire facias* or notice, may be made by any person not a party or otherwise interested in the subject matter in controversy, on a non-resident defendant out of this state, which service *shall have the same effect, and no other,* as an order of publication duly posted and published against him." The acknowledgment of service did not indeed

give the court jurisdiction of the persons of the defendants so as to entitle it to render personal decrees against them, but it had all the effect of a personal service upon them out of the state, under the fifteenth section of chapter one hundred and sixty-six, Code 1873, and charged them with notice to the same extent that "an order of publication duly posted and published against them" would have done. *Pennoyer* v. *Neff*, 95 U. S. R. 714. Looked at in this aspect, it seems to us that these causes come within the purview of section twenty-seven of chapter one hundred and forty-eight of the Code, page 1015, and the appellants were entitled at any time within five years from the date of the decree to petition to have the proceedings reheard. Nor does it at all militate against the position we have here assumed, that the attachments or processes in each case were, in all probability, handed to and acknowledged by the appellants more than sixty days before the date of the decrees complained of. For, as was said by Moncure, J., in delivering the unanimous decision of the court in *Anderson* v. *Johnson and als.*, 32 Gratt. 571, "the ser vice with a copy of the attachment or with process in the suit" therein mentioned (meaning the twenty-seventh section of chapter one hundred and forty-eight of the Code) "refers to such a service in the proceedings in the suit, and not to a service out of the suit and out of the state."

For these reasons we think that the respondents were entitled to have had their petitions filed and the causes reheard. The decrees appealed from in each of these causes must be reversed and annulled, and the causes must be remanded to the said circuit court for proceedings to be had therein in conformity with this opinion.

The decree is as follows:

The court is of opinion, for reasons stated in writing and filed with the record in these causes, that the circuit court erred in refusing to permit the defendants in each of these causes to make

defence as set forth in their petitions when they appeared openly in the state and petitioned to have these causes reheard.   Therefore, it is decreed and ordered that the decrees appealed from be reversed and annulled, and that the causes be remanded to the said circuit court for further proceedings to be had therein to a final decree in conformity with the foregoing opinion and decree.   And it is further decreed and ordered, that the appellees in each of these causes pay to the appellant his costs by him expended in the prosecution of his appeals aforesaid here.

DECREE REVERSED.