# Staunton.

## PEALE'S ADM'R v. THURMOND.

### October 4th, 1883.

1. FIDUCIARIES—*Guardian de facto—Rents and profits.*—Guardian *de facto* is liable to his wards for rents and profits received by him during his possession of the *corpus* of their estate.

2. IDEM—*Idem—Father—Advancements.*—Father acting as such guardian and liable for such rents and profits, is entitled to set-off against same, the amount advanced his female ward's husband to assist him in business ; and it is inequitable to settle on the wife the whole she is entitled to, without deducting the amount so advanced.

3. IDEM—*Idem—Statute limitations—Lapse of time.*—Such guardian, being a fiduciary, the statute of limitations runs not in his favor against his ward's claim, nor does any presumption arise from lapse of time, where the claim is clearly established.

Appeal from decree of circuit court of Rockingham county, entered 3rd March, 1882, in the cause of Ellen V. Thurmond, by her next friend, E. S. Peale, against D. H. Ralston, sheriff of said county, and as such, administrator *de bonis non* of Jonathan Peale, deceased, and Robert A. Thurmond, the husband of Ellen V. Thurmond. Henry Smith, deceased, devised a farm and mill, in said county, to his daughter, Elinor, wife of said Jonathan Peale, for her life, remainder to her children. Elinor died in 1839, leaving four children, E. S. Peale, A. N. Peale, Margaret C., wife of J. T. Bishop, and said Ellen V. Thurmond. The latter arrived at twenty-one years of age in 1855, and married in 1856. Jonathan Peale held, as guardian *de facto* of his children, the farm and mill, and received the rents and profits, till 1853, when the property went into the possession of said A. N. Peale. To assist said Robert A. Thurmond in

business, when, after his intermarriage with Ellen V., they were needy, Jonathan Peale advanced him $982.91. Her husband having become insolvent, and her father having died, in 1875, the said Ellen V. Thurmond instituted this suit to recover of her father's estate her share of the rents and profits of the said farm and mill received by him, as guardian *de facto*, during her whole minority, and to settle same on her free from liability for her husband's debts. The said administrator relied on the statute of limitations, and lapse of time, in bar of the whole claim, and, failing those defences, on the reduction thereof by the amount of the said advancement. The circuit court decreed against the testator's estate for her fourth part of the rents and profits during the complainant's entire minority, with interest, .without deducting the advancement, and settled the whole on her, free from liability for her husband's debts. From this decree the administrator obtained an appeal from one of the judges of this court.

*J. N. & Winfield Liggett*, and *George E. Sipe*, for the appellant.

*John E. Roller*, for the appellees.

LACY, J. delivered the opinion of the court.

This is an appeal from the circuit court of Rockingham county from a decree pronounced in this cause at the January term, 1882. The case is as follows: Henry Smith, the grandfather of the appellee, by his will devised the Beaver Creek tract of land to Elinor Peale, who was the mother of appellee and the daughter of the said Smith, and who had intermarried with Jonathan Peale, appellant's testator. The said tract of land was to be held by the said Elinor Peale for life, and remainder to her children. The said Elinor died in the year 1839, and left four children, of whom the said appellee was one. The

said Jonathan Peale, after the death of said Elinor, his wife, continued to hold and use the Beaver Creek land during the minority of the said children, until it was taken possession of by one of the four children, A. N. Peale, in the year 1853. The said appellee came to full age in 1855, and married in 1856. Jonathan Peale died in 1874, and in the year 1875 suit was brought by the appellee against the estate of the said Jonathan Peale for the rents and profits of the said Beaver Creek land, of which she claimed one-fourth.

Accounts were taken by the commissioner and returned, but none of them seem to have been acted on by the court, except that at the January term 1882. The court confirmed account No. 1, of Commissioner Bryan's report after certain corrections; but by the subsequent decree of March 3d, 1882, the case was brought up, as is stated by consent, upon the papers in another cause, among which are recited the report of Commissioner John R. Jones. These papers, including this report, are not filed or printed with this record. But the court decrees upon statement No. 1, in said report of Commissioner Jones, a balance in favor of the appellee of $1,130.60, as of September 1st, 1856, and set the same aside as a separate estate, free from the marital rights, contracts and liabilities of her husband. The effect of this decree is to give the complainant below rents for her land against her father's estate, three years after her brother, having an equal interest with herself, had come of age and taken possession of the same, and disallows her father's estate all credit for advancements made to her after she came of full age and had married, and all advancements made to her husband, among which was a large debt paid by the father to Hewlet, incurred by the father to aid her husband when they were in needy circumstances, and to assist him in business.

We think the estate of the father should be held liable for the rents and issues of the lands of the complainant as long as he held the same, and until it was taken possession of by one of the joint owners in 1853, but no longer.

We think the money paid by the father, to assist the husband in business, and to assist him when in pecuniary trouble and embarrassment, should be treated as a payment toward his indebtedness to the wife, and it was inequitable to settle upon the wife the entire indebtedness of the father's estate to her, before the balance had been fairly and honestly struck between her and her said father's estate.

We think the decree of the court below was erroneous in these respects. The circuit court should have approved and confirmed the statement No. 2 of Commissioner Bryan's report, which is made up in accordance with the foregoing views, by which the appellee appears to be entitled to receive $1,149.82, as of November 1st, 1880, of which $618.50 is principal. In this court a decree will be entered in accordance with the said statement No. 2 of Commissioner Bryan's report.

The decree is as follows:

This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decrees aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the appellee, Thurmond, is not entitled to recover rent from the estate of her father, for the use of her land after the year 1853, when the land was taken possession of by one of the joint owners, and that the appellee, Thurmond, is not entitled to have a settlement out of the amount due from her father's estate, until the said amount has been credited by the advancements made to her and her husband in the lifetime of her father, and also by the amount of the Hewlett debt paid by her father for her maintenance and support, and to assist her husband in business. And that the decree aforesaid, rendered on the 3rd of March, 1880, is erroneous, and so much of the said decree as charges Jonathan Peale's estate with rents on the land of the appellee after 1853, and so much as denies the credit of the

Decree.

Hewlett debt upon the amount due from Jonathan Peale's estate to appellee is erroneous, and so far as the said decree is in any respect in conflict with the opinion of this court hereinbefore expressed, it is erroneous; therefore it is decreed and ordered that so much of the said decree of March 3d, 1882, as is hereinbefore declared to be erroneous, be reversed and annulled.    And the appellant being the party substantially prevailing in this court, it is adjudged, ordered and decreed that the appellant recover against the appellee his costs by him incurred in the prosecution of his appeal here and thirty dollars damages.    And this court, proceeding to render such a decree as the said circuit court ought to have rendered, doth adjudge, order and decree that the complainant doth recover against the defendant, David H. Ralston, Jonathan Peale's administrator, the sum of $1,149.82, with interest on $668.50, part thereof from November 1st, 1880, until paid, and her costs by her expended in the prosecution of her suit in the said circuit court; the same to be paid out of the assets of the estate of said decedent, and the amount so decreed her, is set apart to her as her sole and separate estate free from the contracts, liabilities or control of her said husband, and free from his marital rights.    And the same is ordered to be certified to the circuit court of Rockingham county.

DECREE REVERSED.