# CHARLESTON

### BANK *v.* THOMPSON.

Submitted September 7, 1907.    Decided December 10, 1907.

1. EQUITY—*Reading Depositions.*

An order in a chancery case shows that depositions are to be closed by a date, and the case submitted in vacation by a later date. It is no error to read depositions taken subsequently to those dates on the hearing at a later term. (p. 197.)

2. APPEAL—*Review—Decree in Equity.*

Where a chancery case turns on the effect and weight of evidence and credit of witnesses, and that evidence is such that reasonable men may differ as to its effect, the appellate court cannot reverse the circuit court's decree. A decree so turning on evidence cannot be reversed unless manifestly wrong. (p. 197.)

Appeal from Circuit Court, Jefferson County.

Bill by the First National Bank of Jefferson against Jennie Thompson and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

H. H. McCORMICK, for appellant.
FORREST W. BROWN, for appellees.

BRANNON, JUDGE:

This is a suit in equity in the circuit court of Jefferson county by First National Bank of Jefferson against Jennie Thompson and her husband and others, to subject to indebt-

edness of C. H. Thompson land conveyed to Jennie Thompson by J. M. Hotckiss, on the charge that the husband of Jennie Thompson furnished the money which purchased the land, and that the conveyance to his wife was to defraud his creditors. The decree dismissed the bill.

One assignment of error is, that certain depositions were read. The court made an order showing that the defense was given until June 15, 1904, to complete depositions, and the plaintiff five days thereafter, after which the depositions should be closed and the case submitted in vacation on or before 11th July, 1904, "as counsel may agree;" and these depositions were taken July 14th. The case was heard 1st March, 1905. We have not the question whether the court could have refused to read the depositions, but whether it erred in reading them in its discretion. We do not think there is error in this for reasons which will appear in *Buster* v. *Holland*, 27 W. Va. 510; *Fulmer* v. *Coal Co.*, 57 *Id.* 270; *Radford* v. *Fowlkes*, 85 Va. 820; Hogg's Eq. Procedure, sec. 493. But, furthermore, no exception to the depositions was called to the attention of the court, and this avoids any error in this matter. Hogg's Eq. Proced., sec. 498; *Whitehouse* v. *Jones*, 60 W. Va. 680. And the plaintiff cross-examined these witnesses, which it seems is a waiver of an objection such as this. Hogg's Eq. Proced., sec. 500.

On the merits there can be no question that when a wife acquires real estate, in a contest between her and her husband's creditors, the law presumes that it was paid for by the husband, and she must show by clear proof that she paid for it with her own means. *Miller* v. *Gillespie*, 54 W. Va. 450. But after a careful review of the evidence Jennie Thompson fairly meets this demand. She, her husband and two brothers prove that she had means with which to pay the purchase money and a disinterested witness proves its payment in cash by her. There is no positive evidence to the contrary—only some circumstances arousing some question or suspicion; not sufficient to overthrow the positive evidence of four witnesses, unless we arbitrarily say that their evidence is perjured. If they are believed the defense is clearly established. There can be no question but that reasonable men would differ, on weighing the evidence in this case, as to its effect, and in such case this Court cannot reverse the

decree of the circuit court, and can only do so where we can see that the finding of the circuit court is plainly wrong. *Camden* v. *Dewing*, 47 W. Va. 310; *Shaffer* v. *Shaffer*, 51 *Id.* 126. The case involves no principles of law, but turns only on evidence and credit of witnesses. It would answer no purpose to detail mere evidence. The object of opinions published in the State Reports is to lay down principles of law, not evidence.

We must affirm the decree.

*Affirmed.*