# CHARLESTON.

WHITE *et al. v.* WHITE *et als.*

Submitted February 17, 1909.  Decided October 26, 1909.

1.  APPEARANCE—*What Constitutes—Acceptance of Notice to Take Depositions.*

    Acceptance of notice to take depositions, by a party not served with process, does not amount to appearance in the suit or action.  (p. 81).

2.  EQUITY—*Decree—Jurisdictional Recitals—Construction.*

    Where there are a number of adult defendants, some served, others non-residents and proceeded against by order of publication, a judgment or decree reciting in general terms the appearance of the adult defendants without naming them, will be construed as including only the persons served with process. (p. 82).

3.  PROCESS—*Acceptance of Service Outside State—Effect.*

    Acceptance generally of service of process of a circuit court, or of this Court, by a non-resident defendant outside the state, will have no other effect than service on the acceptor outside the state, or order of publication duly published and posted as provided by statute.  (p. 83.)

4.  APPEAL AND ERROR—*Effect of Affirmance—Res Judicata.*

    In order that the affirmance here of a final decree shall operate to deprive an adult non-resident defendant, not served with process or appearing, and who did not join in the appeal, to a rehearing pursuant to sections 3816 and 3819, Code 1906; or an infant defendant within six months after attaining his majority, from showing cause against the same, such final decree must have been jointly against all, and the parties appealing and the parties not appealing must stand upon the same ground, and their rights be involved in the same question, and be equally affected by such decree.  (p. 83).

Appeal from Circuit Court, Logan County.

Bill by James A. White and others against A. B. White, Hattie Glover, and Addie Riffe.  Decree for plaintiffs, and Hattie Glover and Addie Riffe appeal.

*Reversed and Remanded.*

66 W. Va.

*Payne & Payne* and *Berkeley Minor, Jr.,* for appellants.

*Lilly & Shrewsbury,* for appellees.

MILLER, PRESIDENT:

We have here a sequel to *White* v. *White,* 64 W. Va. 30 (60 S. E. 885). After the original decree of July 27, 1907, which denied them participation in the partition decreed, was affirmed here, Hattie Glover, (nee Riffe), a non-resident defendant, proceeded against by publication, and her infant sister, Addie Riffe, represented originally by guardian *ad litem,* but who had reached her majority, filed their separate petitions and answers in the court below, the former to have a rehearing as provided by section 3816, Code 1906; the latter proposing pursuant to section 4002, Code 1906, to show cause against said decree, within six months after reaching her majority as provided thereby. Hattie Glover also sought to file a second petition for relief against said decree, on the ground alleged that the attorney employed by her, the husband of one of the partitioners, had in the interests of his wife fraudulently failed and neglected to file any answer, or make any defense whatsoever for her to the original bill. From the decree below, of July 29, 1908, denying them the relief prayed for, dismissing their petitions, and refusing to file their answers, petitioners have appealed.

Appellants proposed to show by their answers contrary to the allegations of the original bill, that the deed of James M. White, their maternal grand father, to their father, John Riffe, of January 16, 1885, for 370 acres of land, was not an advancement to their mother, Minerva Riffe, deceased, but had been made upon full and adequate consideration paid the grantor, to-wit, $500.00 in cash, labor amounting to $110.00, and other payments amounting in all to $1300.00. In his cross bill answer, A. B. White, one of the appellants in the original appeal, though admitting the charge that said conveyance to John Riffe was an advancement to Minerva Riffe, alleged that his father years before, when he first bought the land out of which this and other alleged advancements had been made, entered into a contract with him and his brother, J. N. White and said John Riffe, that, if they would pay for the land, he would in con-

sideration thereof, deed to them portions thereof; that, pursuant to said agreement, he had paid $900.00 thereon, and was informed that J. N. White and John Riffe had paid $1,000.00 thereon. In their special reply to this cross-bill answer plaintiffs denied this allegation. The decree appealed from filing said cross-bill and reply thereto also recites that the guardian *ad litem* for the said Addie Riffe and the other infant defendants also filed their reply thereto; and that thereupon the adult defendants appeared thereto, and that each thereby adopted the special reply of plaintiffs to said cross bill as their reply thereto. The answer on behalf of said infants committed them and their rights to the protection of the court, and prayed that no decree be entered or pronounced which would tend to their prejudice. This answer was sufficient, as far as the infant defendants were concerned, to put plaintiffs on proof of all material allegations of the bill. *Glade Coal Mining Co.* v. *Harris,* 65 W. Va. 152 (63 S. E. 873).

Are appellants or either of them entitled to a rehearing of the former decree? First, as to Hattie Glover. It is claimed she is concluded and estopped by the original decree affirmed here on several grounds: First, by her acceptance of notice to take depositions; second, by the recital in said decree showing appearance of all adult defendants to said cross bill answer, and the adoption by them of the special reply of plaintiffs' as their answer thereto; and, third, if not by these matters, that by acceptance of service of the process of this Court she thereby voluntarily submitted herself to the jurisdiction of the court and is concluded by the affirmance here of the decree below; and, fourth, that whether otherwise concluded, that this Court, having once examined said decree upon the appeal of co-defendants, will not again re-examine it on her appeal. We will consider these points in the order recited.

The universal rule is that a court can acquire jurisdiction of the person of a defendant only by service of process within its jurisdiction, or by voluntary appearance in the suit or action. Does acceptance of notice to take depositions by a non-resident not served, amount to a voluntary appearance? Decisions say this will not do; that the appearance must be in the suit or action by entry of record, by motion, plea, or answer filed. *Anderson* v. *Anderson,* 55 Mo. App. 268, 274-5; *Bentz* v. *Eubanks,*

32 Kans. 321; *Scott* v. *Hull,* 14 Ind. 136. The same thing is intimated in our own case of *Frank* v. *Zeigler,* 46 W. Va. 614, 618-19. Our Code, section 3815, Code 1906, gives service of process outside the state the effect only of order of publication. To the same effect are *Weatherbee* v *Weatherbee,* 20 Wis. 526; *McCormack* v. *Bank,* 53 Ind. 466; *Bank* v. *Rogers,* 12 Minn. 529.

But is Hattie Glover concluded by the recital in the final decree? She was only one of a number of adult defendants, all served except herself and two others. The names of the adult defendants thus appearing are not recited, and, if we should construe the decree as including Hattie Glover, we would have her adopting the allegations of the special reply of plaintiff to said cross bill directly antagonistic to her and her sister's interests and contrary to the positive allegations of her answer. What construction should be given the decree? It is undoubtedly the law that recitals of jurisdictional facts in a decree, as that defendants were duly served with process, and the like, are conclusively presumed to be true, unless there is something in the record showing the contrary. *Moore* v. *Green,* 90 Va. 181; *Hill* v. *Woodward,* 78 Va. 765; *Ferguson* v. *Teel,* 82 Va. 690; Black on Judgments, section 273. To illustrate the application of this rule, Black, at page 412, among other California cases, refers to *Reily* v. *Lancaster,* 39 Cal. 354, construing recitals in tax judgments, controlled we think by statute, and not falling under the general rule, for see *Branson* v. *Caruthers,* 49 Cal. 374, 380. The facts recited in the decree in question were not necessary to the validity thereof. Constructive service by publication was all that was necessary to give the court jurisdiction to pronounce the decree. While authorities may be found to the contrary, the better considered cases hold, and the weight of authority seems to be, that when, as in this case, the decree in general terms recites appearance of parties, the appearance will be confined to those parties served with process. 2 Ency. Pl. & Prac. 600, and cases cited in notes. Three of these cases, *Crump* v. *Bennett,* 2 Litt. (Ky.) 213; *Streeter* v. *Marshall Silver Mining Co.,* 4 Colo. 535, and *Clemson* v. *Ill. St. Bank,* 2 Ill. 45, are cited for the proposition that, "Where pleas are filed purporting to be filed by defendants generally, this will not be an appearance for those defendants not served with

process." We are of the opinion, upon these authorities, and the facts and circumstances of this case, that the recital in said decree ought not to be construed to include Hattie Glover.

Did she then submit herself to the jurisdiction of the court by acceptance of the appellate process of this Court? Generally, when process is accepted within the jurisdiction of a court, it is sufficient to confer jurisdiction· to pronounce judgment by default. *Marling* v. *Robrecht,* 13 W. Va. 440, 463; 19 Ency. Pl. & Prac. 703, and cases cited in notes. But when service is so accepted without the state, unless, as some cases hold, it be otherwise specifically stipulated in the acceptance, it will amount to no more than order of publication. *Smith & Wimsatt* v. *Chilton,* 77 Va. 535; 19 Ency. Pl. & Prac. 702 and notes. One case at least holds that such a stipulation to waive any other service is not sufficient to give the court jurisdiction of the person. *Weatherbee* v. *Weatherbee,* 20 Wis. 526. Most if not all the cases holding such acceptance of service outside the jurisdiction sufficient were foreclosure cases, or attachment suits, or proceedings *in rem* not necessarily requiring personal service of process or appearance to give jurisdiction; or cases of collateral attack, and not cases like *Smith & Wimsatt* v. *Chilton, supra,* and the case we have here, where absent parties, or parties under disability, were proceeding under statutes to obtain rehearings, or to show cause against judgments or decrees. The question here is not whether the court acquired jurisdiction to render the *in rem* decree, but whether appellant Hattie Glover is precluded by service of process, or appearance, from asserting her rights under the statute. Our statute relating to the effect of service of process without the state is also applicable here. Where an appellee or defendant in error resides without the state, the statute, section 3817, Code 1906, provides for publication.

Lastly, is the original decree, affirmed here, *res judicata,* as to Hattie Glover? Unless cut off by this appearance, sections 3816 and 3819, Code 1906, unquestionably entitle her to a rehearing. *Smith & Wimsatt* v. *Chilton, supra.* It is undoubtedly law in this state, by repeated decisions, that a decision of this Court binds every party, appellant or appellee, as to whatever is decided by it, whether served with process in the appeal or not, and that this rule applies to a non-resident against whom

and another there may have been a joint judgment or decree. *Newman* v. *Mollohan,* 10 W. Va. 488; *Renick* v. *Ludington,* 20 W. Va. 511, 537; *Ferguson* v. *Millender,* 32 W. Va. 30, 32; *Seabright* v. *Seabright,* 33 W. Va. 152; *Blowpipe Co.* v. *Spencer,* 46 W. Va. 590, 592. But to have this effect the judgment or decree must be joint, and the parties appealing and the parties not appealing must stand upon the same ground and their rights be involved in the same question, and equally affected by the same decree and judgment. *Walker's Ex'or.* v. *Page,* 21 Grat. 636, points seven and eight of the syllabus; *Newman* v. *Mollohan, supra,* page 500; *Hall & Smith* v. *Bank of Virginia,* 15 W. Va. 323, 334; *Ferguson* v. *Millender, supra; Morgan* v. *Ohio River R. Co.,* 39 W. Va. 17, 25; *Blowpipe Co.* v. *Spencer, supra; Vance Shoe Co.* v. *Haught,* 41 W. Va. 275, 282. What is the fact in this case? The former decree was not in any sense a joint judgment or joint decree against the then appellants and the appellants here. Those appellants did not stand upon the same ground, and their rights were not involved in the same question presented on this appeal; their interests were opposed to those of the appellants now before the court. The real question decided on the former appeal was whether the land decreed to be partitioned among four sets of heirs, was subject to partition, or, as claimed by A. B. White in his cross bill, it belonged to him by parole contract with his father, and possession. The real question we now have is whether the deed from their maternal ancestor to appellants' father was a gift by way of advancement, or upon consideration paid, an issue of fact it is true, tendered by the allegations of the original bill, but the defense of Hattie Glover and of her sister now presented and rejected by the decree appealed from, was not in; so that upon the former appeal the appellants did not stand upon the same ground, and their rights were not involved in the same question and equally affected by the decree. That appeal did not bring up for adjudication the rights of the present appellants. If that appeal had been by Addie Riffe, by her guardian *ad litem,* and the decree had been affirmed on her appeal, the questions now presented for our judgment might have bound both, both standing on the same footing and their rights being involved in the same way. *Lyman* v. *Thompson,* 11 W. Va. 427. Our conclusion, therefore, is that Hattie Glover is entitled to come in

and make defense to the original bill. The answer which she tendered, and which was rejected, specifically denies the allegation of the bill that the land conveyed by the deed from James M. White to her father was an advancement to her mother. On the contrary, she alleges that her father paid full consideration therefor, as already shown. If this be the fact, her answer presents a clear defense to the bill. But it is argued that because the deed to John Riffe, her father, recites no consideration, it was *prima facie* an advancement to the mother, and this seems to be the law. *Roberts* v. *Coleman,* 37 W. Va. 143; *Peale's Admr.* v. *Thurmond,* 77 Va. 753. The deed, however, was only *prima facie* evidence of an advancement, and was subject to be rebutted by proof, the very thing which was proposed to be done by way of defense to the bill. Having brought herself within the rule of right given by statute, Hattie Glover was undoubtedly entitled to make defense. *Johnson* v. *Ludwick,* 58 W. Va. 464; *Martin* v. *Smith,* 25 W. Va. 579.

Now as to Addie Riffe. The statute under which she has proceeded gives her clear right to show cause against the decree within six months after attaining her majority. Her petition and answer showing cause set forth the very same matters contained in the petition and answer of her sister, Hattie Glover. She was under the authorities bound, of course, to show such good cause for setting aside the decree, as would be required of an adult. *Lafferty* v. *Lafferty,* 42 W. Va. 783. She might do this as she has attempted to do by petition and answer, or by bill in the nature of a bill of review, or by any other form of pleading; and, as was held in the case last cited, she is not confined to such errors as might appear on the face of the decree, but is entitled to introduce new matter against it. She is given the broad right to show cause against the decree.

Appellants having been denied the rights to which we think them justly entitled, the decree below must be reversed, and the cause remanded for further proceedings, and it will be so ordered.

*Reversed and Remanded.*