# CHARLESTON.

## ADAMS *v.* BAKER.

Submitted June 12, 1901.   Decided November 23, 1901.

50 249
59 111

50      249
f65     161
65      782

1. DEED—*Description—Abatement—Purchase Money.*
    Where a sale of land either by deed or contract describes the tract as containing a given quantity, but says "be the same more or less, and is conveyed by the boundary, and not by the acre," there can be no abatement of purchase money for deficiency of quantity, in the absence of intentional fraud. (p. 250).

2. GENERAL WARRANTY—*Title—Quantity.*
    A general warranty in a deed relates only to title, and does not warrant the quantity of land stated in it.   (p. 251).

3. DEED—*Delivery—How Done.*
    Delivery of a deed depends on the intent of the parties, and, though not made in formal words, may be shown by circumstances.   If the parties meet to make it, and read, sign and acknowledge it without reservation, this amounts to delivery.   (p. 252).

Appeal from Circuit Court, Tucker County.

Bill by John J. Adams against Levina Baker.   Decree dismissing the bill, and plaintiff appeals.

*Reversed.*

C. O. STRIEBY, for appellant.

J. P. SCOTT, for appellee.

BRANNON, PRESIDENT:

This is a chancery suit in the circuit court of Tucker County by John J. Adams against Levina Baker to sell a tract of land sold by Adams to Baker to satisfy a balance of purchase money in favor of Adams, resulting in a decree dismissing the bill, from which decree Adams appeals.

Baker filed an answer setting up that Adams sold her the tract of land as containing one hundred acres, and that the sale was by the acre at three dollars an acre, and that there was in fact only the quantity of fifty-four acres, and that payments which she had made had fully paid for all that the tract contained.   Adams claims that he did not sell the land by the

acre, but by the boundary in gross. The question is which is the true version of the sale. These parties give evidence diametrically contradictory on this point. Some receipts given by Adams for payments on this land say, in describing the debt on which such payments were to apply, that they were to apply on purchase money notes for one hundred acres of land sold by Adams to Baker. There was no preliminary written contract. This general description of quantity would import a sale in gross and such receipts would indicate a representation by the vendor that the tract contained one hundred acres, and though the sale by such general description would be a sale in gross, yet such representation would entitle the vendee to an abatement of the purchase money under principles stated in *Crislip* v. *Cain,* 19 W. Va. 438, and *Anderson* v. *Snyder,* 37 W. Va. 632. That would be probably the legal effect of such a statement of quantity by the vendor *prima facie;* but that is not all of the case. Adams knew nothing about the quantity of the tract, whilst Baker had long resided upon it as tenant under a former owner before Adams acquired it, and must have known the quantity far better than Adams. This goes to repel the idea that Adams intentionally misrepresented the quantity, or that Baker relied upon the statement of quantity by Adams in making the contract, and under *Crislip* v. *Cain, supra,* this operates in favor of Adams. The sale being one in gross, tested merely by said receipts there can be no abatement, unless the party was misled by such misrepresentation, which presumably would be the case in the absence of such circumstances. But this is not all of the case. Adams prepared a deed and signed and acknowledged it conveying the land to Baker saying on its face that the tract contained one hundred acres "be the same more or less and is conveyed by the boundary, and not by the acre," and he prepared a deed of trust of the same date with that deed, both of which were to be executed simultaneously as one transaction. Adams took both instruments to Levina Baker and her husband, and they were read over. Adams says that not a word of objection was made to either instrument by Levina Baker or her husband. The husband says that the deed contained a special warranty and he objected to that, and Adams agreed to change it to a general warranty. He says that his only objection to the deed was that it contained a special warranty. Baker says that

he did not read the deed, and yet he tells us that he strenu-
ously objected to the deed on account of warranty, and that
the deed said that the tract contained one hundred acres, thus
showing clearly that he did read that deed, and that his only
objection to it was removed by Adams. The deed of trust was
signed by both Levina Baker and her husband. That deed of
trust to secure the purchase money on the land describes the
land as "containing one hundred acres, be the same more or
less, being the same tract of land this day conveyed to the
said Levina Baker from John J. Adams and wife, and more
particularly described by metes and bounds in their deed of
even date herewith, to said Levina Baker, to which reference
is hereby made." Thus Baker and wife signed that deed of
trust distinctly recognizing and referring to the deed from
Adams, and that deed states that the tract was sold as "con-
taining one hundred acres, be the same more or less, and is
conveyed by the boundary, and not by the acre." This deed
of trust signed by Levina Baker and her husband makes it
clear that Adams' statement that the sale was not by the acre,
but in gross by the boundary, is true. Therefore, there can
be no abatement. *Pratt* v. *Bowman*, 37 W. Va. 715. If
Levina Baker and her husband had not read the deed of trust
but they certainly had, they should not have signed it. They
are taken in law to have read it.

These deeds, though signed by the parties, were, perhaps,
not actually delivered. Adams' deed had been signed and
acknowledged. It was perfect. He still retained it until
Levina Baker and her husband should acknowledge the deed
of trust, which they retained. It may be said with much force
that whatever the contract may have been in the negotiations
preliminary to the deed, that the deed speaks the final contract
and speaks a sale by the boundary, and that that deed was in
law delivered, though it remained in the possession of Adams
to await the acknowledgment of the deed of trust, since it
was a perfect deed, assented to by the grantee, as is shown by
the evidence of Adams not only, but conclusively by the fact
that Baker and wife signed the deed of trust recognizing that
deed as acceptable and accepted. Manual delivery of that
deed is not shown perhaps; but manual delivery is not always
necessary to effectuate a deed. "Delivery of a deed depends on
the intent of the parties, and, though not in formal words,

may be shown by circumstances. If the parties meet to make it, and read, sign and acknowledge it without reservation, this amounts to delivery." *Delaplain* v. *Grubb,* 44 W. Va. 612. That deed only remained with Adams till the deed of trust should be acknowledged, a duty of Baker and wife, which they promised to perform. Had they performed it the deed would have been manually delivered, and they having failed, why shall the deed not operate? That deed retained a lien for the purchase money. The deed of trust was not essential to its operation, but only gave Adams a remedy by sale under it without compelling a resort to a chancery suit to enforce the lien. If we treat that deed as completed and operating, it fixes the sale as one by the boundary, and alone settles this case by establishing a sale by the boundary and estopping Levina Baker from denying the fact. Though the deed of trust was never completed, it is unessential in this case to the enforcement of Adams' right; but though not operative as a deed on Levina Baker for want of acknowledgment, it is evidence against her to show that she assented to that deed which declared the sale to be one in gross and not by the acre, proving that such had been the original contract.

In fact, it is clear that the only objection to that deed by Levina Baker and her husband, taking their own testimony, was its provision for a special warranty. They seemed to think that a general warranty warrants the quantity specified in a deed, whereas it relates only to title, and does not assure the quantity mentioned in the deed. *Burbridge* v. *Sadler,* 46 W. Va. 39. So that warranty can afford no ground for abatement of purchase money. It is clear from the evidence that Adams intended to sell the tract in gross as a tract, not by the acre, for a fixed lump sum, and would not have taken less than three hundred dollars, whatever the quantity, and that Levina Baker and her husband knowing the tract and its boundary well intended to buy it as a tract for the lump sum, and not by the acre.

As the sale was in gross, that ends the case; but I will add that the evidence is inadequate to establish the deficiency in quantity claimed. There was never any order of survey, as usual in such cases. Baker and his wife say that they heard their neighbors say that the tract did not contain one hundred acres, and one witness, Dumire, says that he had Wil-

liam Ewin to run it, when he purchased the tract from Ewin, and that his survey made it sixty-nine acres. But this survey was uncertain. On one line no·compass was used, and one line was left open. We must reverse the decree and remand the case to the circuit court in order that a decree may be entered for the sale of the land to pay the balance of purchase money due Adams and such taxes as he may have paid on the land since his sale to Baker.

*Reversed.*