# CHARLESTON.

THE GLADE COAL MINING Co. *v.* HARRIS *et al.*

Submitted June 13, 1908.   Decided February 9, 1909.

1. INFANTS—*Guardian ad Litem—Answer—Sufficiency.*

An answer of a guardian *ad litem* alleging want of personal knowledge of the matters alleged in the bill against infant defendants, but that he is advised they have material interests therein, admitting nothing alleged against them, and calling for full proof of each and every allegation of the bill, in any wise affecting or pertaining to their interest, and committing the same to the protection of the court, is sufficient to put plaintiff on proof of every allegation of the bill affecting said infants, and it is not necessary that such answer should otherwise negative the allegation of the bill. (p. 159.)

2. SAME—*Admissions by Parents.*

Admissions in the answers of mother and father of infant defendants, to a bill of complaint against them and others, are not binding on such infant defendants, and can not be read against them on final hearing of the cause. (p. 159.)

3. EQUITY—*Pleading—Surplusage—Admissions of Conclusions of Law.*

If such admissions are conclusions of law, and not of facts

alleged in the bill, it is bad pleading, and they will be treated as surplusage. (p. 160.)

4.   SAME—*Answer—Effect as Evidence.*
An answer to a bill, whether sworn to or not, is not evidence for defendant. Its only effect, under section 3856, Code 1906, is to put the plaintiff on proof of the material allegations of the bill denied by the answer. (p. 160.)

5.   DEEDS—*"Delivery"—Intent—Actual and Constructive.*
Delivery of a deed conveying land is always a question of intention, to be determined from the deed itself, and from the facts and circumstances attending the execution thereof. Delivery may be actual or constructive. If the parties meet to make it, and read, sign and acknowledge it without reservation, this, as a general rule, amounts to delivery. Delivery is complete when there is intention manifested on the part of the grantor to make the instrument his deed. (p. 161.)

6.   INFANTS—*Actions—Appeal—Reversal as to Infant Not Appealing.*
It is the duty of the courts to protect the interests of infant litigants; and this rule is applicable to appellate courts as well as to trial courts; and on appeal an infant will be given the benefit of every defense of which he could have availed himself, or which might have been interposed for him in the trial court; and where the record shows error, as to a minor defendant, the decree will be reversed, though there is no appeal on his part, it being the duty of the chancellor as the guardian of infants, to protect their rights. (p. 162.)

Appeal from Circuit Court, Barbour County.

Bill by the Glade Coal Mining Company against Priscilla C. Harris and Margaret B. Stalnaker and Henry Holsberry and others. Decree for complainant, and defendants Margaret B. Stalnaker and Henry Holsberry appeal.

*Reversed and Bill Dismissed.*

J. HOP WOODS and HARRY G. BYRER, for appellants.

F. O. BLUE and W. T. GEORGE, for appellee.

MILLER PRESIDENT:

The plaintiff, claiming by right of assignment from E. C. Moore, sues for specific execution of an option contract, made December 16, 1901, between the owner, Martin Holsberry, and said Moore, for the sale and purchase of coal under a tract of

two hundred and thirty acres of land in Barbour county. The bill makes defendants thereto, Priscilla C. Harris, a daughter of said Holsberry, Ira Harris, her husband, and Grover Harris, Virgil Harris, Bretz Harris and Martin Harris, their infant children; also Margaret B. Stalnaker, a sister of said Priscilla C. Harris, said Moore and others., The contract fixed the price for the coal at twelve dollars per acre, gave the optionee until March 1, 1902, to take the coal upon the terms of purchase, and among other things stipulated that in the event he "should fail to pay the purchase price therefor on or before March 1, 1902, or elect not to take the same in a reasonable time thereafter, then such agreement should be void and the parties thereto mutually released therefrom."

The bill alleges, on information, which it charges to be true, that the right or option to purchase said coal was, within the time provided and contemplated by said contract, accepted in writing, and that this right was subsequently, for a valuable consideration sold and transferred' by said Moore to plaintiff, the then owner, with right of enforcement thereof.

Another allegation of the bill is that, by deed of October 16, 1902, the said Holsberry, in consideration of one dollar, natural love and affection, and other considerations thereinafter named, granted, sold and conveyed said tract of land unto the said Priscilla C. Harris, during her natural life, and at. her death to descend to her children in fee simple; also granting and conveying unto her all the personal property of every kind and character, including household and kitchen furniture, that he might own at the time of his death, with covenants of general warranty; being subject to the provision: that should the said Ira Harris die before his wife, then said property should descend as aforesaid to her children, but not to her children by any subsequent marriage; that in the event she should survive her husband, and should again marry, and bear children, she should pay to her sister, Margaret B. Stalnaker, daughter of said grantor, the sum of $500.00, in five annual payments of $100.00 each; a vendors lien being retained to secure the payment thereof; it being further stipulated that said Martin Holsberry should remain in full possession of the property conveyed, both real and personal and enjoy the rents, issues, and profits arising therefrom during his life.

Another important allegation of the bill is, that said deed was signed, sealed and acknowledged during the last illness of said Holsberry; that it is a testamentary paper in nature and effect; and was so intended at the time, and was in lieu of a will making disposition of his property according to the effect thereof.

Another allegation is, that upon the death of said Holsberry, occurring shortly after making said deed, said Priscilla C. Harris entered upon and took possession of the said property, both real and personal; that at the time of making said deed, said Holsberry recognized and expressly stated in the presence of said Priscilla C. and Ira Harris, that the written agreement between himself and said Moore, of December 16, 1901, was in full force and effect; and that the rights of said grantees in said deed were subject and subordinate to the prior and superior rights of said plaintiff under said option contract; and of which said Priscilla C. and Ira Harris, and said infant defendants had full notice, knowledge and information.

Plaintiff further alleges that it has always been ready and willing to pay the purchase money for said coal, and would have paid for the same but for the default of said Holsberry, in his life time, to execute a deed of conveyance, free from liens and incumbrances, provided for in said deed; that it has been ready at all times to pay the parties entitled to receive the same; but because of said deed of October 16, 1902, it has never regarded it safe to make payment until said deed had been properly construed and payment thereof directed to the persons entitled thereto. The bill contained a prayer for specific and general relief.

The contract exhibited with the bill, though acknowledged at the time, does not appear to have been recorded; but an indorsement thereon by the clerk shows that it was left in his office for record, October 19, 1905, about the time of the institution of this suit.

Defendants Priscilla C. and Ira Harris promptly filed joint answers admitting all material allegations of the bill, notice to them and their infant children of the rights of plaintiff under said option contract; and respecting said deed of October 16, 1902, say: "Respondents admit that said deed of the said Martin Holsberry to the said Priscilla C. Harris was in the nature of

a testamentary instrument; that the decedent; Martin Holsberry, made the said deed in writing during his last illness and but a short time before his death, and that by his instructions the same was not to be delivered until his death, and that by the terms of the said deed said property was not to come into the possession of Priscilla C. Harris, until the death of the said Martin Holsberry; and respondents further answering say, that they believe that said Martin Holsberry made the said writing in lieu of a will as a method of disposing of his property."

It is also alleged in said answer that by virtue of the provisions of said deed of December 16, 1902, respecting the personal property, the said Priscilla is entitled to the proceeds of the sale of said coal to said Moore; and respondents join in the prayer of said bill for a construction of said deed of October 16, 1902, and for a specific execution of said contract.

After tendering her demurrer, which was overruled, defendant, Margaret B. Stalnaker, also filed her answer, in the nature of a cross bill, asking for affirmative relief, charging, as alleged in the bill and admitted in the answers of Priscilla C. and Ira Harris, that said deed of October 16, 1902, was testamentary in character, and not to be and not in fact delivered until after the death of the said grantor; and did not take effect as a deed or pass any title to said grantees; in consequence of which, it is charged, the said Martin Holsberry died intestate as to said real and personal property; and that the same descended to the said Priscilla C. Harris, Margaret B. Stalnaker, and their brother, Henry Stalnaker, not made a party to the suit; and upon information and belief, it is denied that the said option contract was ever accepted by the said Moore or his assignees, so as to convert the same into an executory contract of sale of coal. There is a prayer in said answer for process against the plaintiff and defendants, and also against Ira Harris, administrator of the estate of Martin Holsberry, and Henry Holsberry, to answer the same. There is, however, no other prayer for relief except general relief, and that plaintiff be required to amend his bill and make Henry Holsberry and said Ira Harris, administrator, defendants; so that it does not clearly appear what specific relief is sought by said cross answer.

On the filing of said answer plaintiff replied generally, and Priscilla C. Harris filed a special replication thereto, alleging,

in effect, that her said answer made it appear that said deed of October 16, 1902, was not to be delivered until after the death of said grantor, an error of counsel inadvertently made, and not noticed or discovered by her or her husband at the time they read and verified the same, and not called to their attention until the filing of the said answer of said Margaret B. Stalnaker; and alleging the fact to be, in respect to said deed, that the same was written by Granville E. Taft, acknowledged by said grantor, placed in an envelope and sealed, and delivered to her by her father with request that she hold it in her care and keeping until his death, to be then placed on record; that she received said deed from him and kept it, as directed, until after his death, when she placed it upon record; she charges that her father made and delivered said deed, and she proposes by this replication to correct the averment in her former answer, inadvertently made, and denies all matters set up in the answer of said Margaret B. Stalnaker for affirmative relief.

Henry Holsberry also filed his answer to the answer of his sister, Margaret B. Stalnaker, incorporates the same in his answer to the bill, and joins in the prayer thereof for affirmative relief.

The guardian *ad litem* on behalf of said infant defendants, filed a formal answer to the bill, and also to the cross bill answers of their co-defendants, to which no replications were filed, alleging that he had no personal knowledge of the matters and things set forth therein; but being advised that his wards had material interests therein, he admitted nothing, but on the contrary called for full proof as to each and every allegation thereof, which effected, or in any wise pertained to the interests of his wards, which interests he tenderly committed to the mercies of the court.

These answers were sufficient, we think, to put plaintiff, and defendants in said cross answers, upon strict proof of all matters alleged against the interest of said infants.   10 Ency. Pl. & Prac. 689; *Wood* v. *Butler*, 23 Ohio St. 520.   In some jurisdictions this is not so; it being required that the answer for infants should deny all allegations of the bill.   Such has not been the practice in this State, however; and it has been held in Virginia, and in this State, that an answer of an infant can not be read against him, and that an infant is never to be prejudiced

by an act, default or admission of a guardian *ad litem.*  7 Enc.
Dig. Va. & W. Va. Reports 483 and cases there cited; *Laidley* v.
*Kline,* 8 W. Va. 218 (syl. point 8).

Upon the issues thus joined upon these pleadings, evidence was
taken; but no evidence was offered by plaintiff to establish the
material allegations of its bill; the acceptance in writing of the
option contract before the death of said optionor, and of notice
thereof to defendants, facts denied by the answer of Margaret
B. Stalnaker, and put in issue, we think by the answer of the
guardian *ad litem* for said infants, were not proven.  Plaintiff,
apparently relied wholly on the admissions in the answers of
defendants Priscilla C. and Ira Harris.

Upon final hearing affirmative relief was denied Margaret B.
Stalnaker and Henry Holsberry; specific execution of said con-
tract was decreed, and upon payment of the purchase money it
was further decreed that defendants, Priscilla C. Harris and Ira
Harris, her husband, together with a special commissioner, ap-
pointed to convey the interest of said infants in said land, and
the mining rights provided for in said agreement, should execute
a proper deed, with covenants of general warranty, as to said
Priscilla C. Harris, and Ira Harris, and without warranty, as
to said special commissioner, conveying said plaintiff said coal
and mining rights and privileges, as provided for in said con-
tract.  It was also decreed that said purchase money, when paid,
would constitute a part of the personal estate of said Martin
Holsberry, and pass, by said deed to defendant, Priscilla C.
Harris, as her absolute property.

From this decree an appeal is prosecuted to this Court by the
defendants Margaret B. Stalnaker, and Henry Holsberry.  Upon
the facts disclosed by the pleading and proofs, what are the
legal and equitable rights of the parties; and are the pleadings
and proofs competent and sufficient upon which their respective
rights may be decreed?  We do not overlook the fact, in making
this broad inquiry, that Margaret B. Stalnaker and Henry Hols-
berry alone have appealed, and that we are called upon to review
the final decree, especially with reference to alleged errors therein
prejudicial to them.  But perceiving that the rights of the infant
defendants, the special wards of a court of equity, as well as the
rights of the adult appellees, are seriously involved in and
antagonistic to the rights claimed by appellants, the question is

presented: What affirmative duty is devolved upon us, on this appeal, to protect these infants against any errors in said decree prejudicial to their interests?

Let us see from the record just what rights these infant appellees have, and how they are opposed by those claimed by other parties to the suit. The deed of October 16, 1902, by its terms, was competent to invest in Mrs. Harris an estate for life, with remainder to her children. *Diehl* v. *Cotts,* 48 W. Va. 255. If in fact delivered, therefore, the deed invested in these infants a fee simple estate in remainder, dependent on the life estate which it purports to invest in their mother. It was to their interests, therefore, to oppose specific execution of said contract of sale. But for the claims of the plaintiff they would be entitled to the whole estate in remainder in the coal, as well as in every other part of the land. If that contract be enforceable against them it operates, according to the final decree, to create an equitable conversion of the coal-real estate—into personal estate, passing by the deed the entire title thereto to their mother, depriving said infants of a material part of the very substance of the estate granted them by the deed. The interests of Priscilla C. Harris are therefore diametrically opposed to those of her infant children, and we find her and her husband in their answers making admissions intended to bind, not only themselves, but also the infant defendants, also, respecting notice of acceptance of said option contract, upon which, and without requiring other proof, the court has decreed specific performance of that contract. Again we find appellants, first in the circuit court, and now here upon this appeal, basing their claims to affirmative relief wholly upon what they regard a fatal admission of said Priscilla C. and Ira Harris in their answer to said bill, respecting the testamentary character of said deed, and the alleged non-delivery thereof.

If the decree below shall stand, the infant appellees have been deprived of all interest in the coal, no doubt the most valuable part of the land, leaving them with remainder only in the residue; if appellants should prevail they would be deprived of both coal and land.

We will first inquire what are the rights of appellants? The conclusion to which we have come respecting their rights makes it unnecessary to consider questions of pleadings, or the suffici-

ency of their cross answers. In our judgment the evidence is wholly insufficient to support the claims of appellants. If said admissions of Priscilla C. and Ira Harris, specially relied on, amounted to the admission of facts, and not conclusions of law, we think they would be conclusive of appellants rights as against Mrs. Harris, provided, her estate on which the remainder is limited could be separated therefrom; but these admissions can in no way bind her infant children. And, as already shown, admissions in an answer by a guardian *ad litem* can not be read against an infant. We hold said admissions mere conclusions of law, and not of fact. The admission that said deed is testamentary in character is clearly so. The deed on its face, unaided by evidence, speaks its own character. If the instrument was delivered to take effect *in presenti,* as a deed it was competent to pass title to the grantees. The charge of the bill, admitted in these answers, is, substantially that the instructions of Martin Holsberry were that the deed was not to be delivered nor the porperty come into possession of the grantees until after his death, the grantor by the terms of the deed "retaining possession of the property during his life time." What did the pleaders mean by the language employed in bill and answer? Delivery is a question of intention; did respondents mean by their answer to admit a fact inconsistent with the terms of the deed, and with what took place at the time of making and executing it; or did they mean to say simply that the deed was not to be delivered for record, so as to speak openly the transaction? We think something of this kind must have been in the minds of the pleader, when preparing the answer. The deed itself seems to speak a plain intent that it should become effective at once; else why did the grantor by the terms thereof retain possession of the property, real and personal, during his life time? . Unless he so intended, he need not have made any such provision. Pleading conclusions of law is bad pleading, and will be treated as surplusage. *Thomas* v. *Electrical Co.,* 54 W. Va. 395; *Iron Co.* v. *Quesenberry,* 50 W. Va. 451.

But however these admissions of respondents be regarded, they were not evidence. An answer to a bill, whether sworn to or not, is not evidence for defendant. Its only effect, under section 3856, Code 1906, is to put the plaintiff on proof of the material allegations of the bill denied by the answer. *Knight*

v. *Nease,* 53 W. Va. 50, 58.   Certainly such admissions do not bind infant co-defendants.   *Laidley* v. *Kline, supra,* 232, 234. These questions, however, are not very material in determining the rights of the plaintiff; its rights do not depend on whether or not the deed to Mrs. Harris and her children was delivered. That question is material only in determining to whom the purchase money should go; so that all the evidence in the cause was applicable only to the issue presented by the cross answers of appellants.   On the question of delivery of the deed, the witnesses present, including Granville E. Taft, county clerk, the scrivener who prepared and took the acknowledgment to the deed, all agree that after the deed was signed and acknowledged the grantor called his daughter, Mrs. Harris, and handed her the deed.   Some witnesses, including Mr. Taft, did not recollect what, if anything, was then said to her by him; others, including Mrs. Harris, testified that he said, in substance, "Priscilla this is your's, take it and put it away and take care of it;" still others that he said: "Take it and put it with my deeds and lock it up."   On this question of fact the decree below was in favor of appellees, and we cannot say the court erred therein.   Moreover, we may concede that the language of the grantor was as claimed by appellants, and yet it would not follow as a matter of law that he did not intend delivery of the deed.   Delivery, as already said, is a question of intent.   It may be actual or constructive.   *Adams* v. *Baker,* 50 W. Va. 249, 252; 1 Devlin on Deeds, section 262, 264; *Jones* v. *Jones,* 16 Am. Dec. 35 and cases cited.   In *Adams* v. *Baker, supra,* it is said:   "If the parties meet to make it, and read, sign and acknowledge it without reservation, this amounts to delivery."   Citing *Delaplain* v. *Grubb,* 44 W. Va. 612.   In Devlin on Deeds, section 262, it is said:   "The question of delivery is one of intention, and the rule is that a delivery is complete when there is an intention manifested on the part of the grantor to make the instrument his deed."   The grantor here plainly intended disposition of his property to his children, leaving nothing to be done after his death.   Courts strive in such cases, to give effect to the plain intentions of the grantor. The application of this rule is well illustrated in cases cited by counsel.   *Schreckhise* v. *Wiseman,* 102 Va. 12; *Trask* v. *Trask,* 48 Am. St. Rep. 446; *Hutchinson* v. *Rust,* 2 Grat 395; *Brown*

v. *Stutson,* 43 Am. St. Rep. 462; *Scrugham* v. *Wood,* 30 Am. Dec. 75, and note thereto.

The views expressed clearly indicate our opinion that the decree dismissing appellants cross answers should be affirmed.

The question remains, What shall we do with the decree against the infant defendants? The admissions in the answer of Priscilla C. and Ira Harris, in no way bind the infants. If binding on Mrs. Harris, they affect her life estate only, giving plaintiffs no right to specific execution of the contract for coal. This leaves the plaintiff without evidence to support its bill, and clearly not entitled to a decree against the infant defendants. We do not find that the question now for decision has heretofore been directly decided by this Court, but in other jurisdictions it has, and held that the rule that it is the duty of the courts to protect the interests of infant litigant applies to an appellate court into which the case is brought as well as to the trial court, and hence, that on appeal an infant will be given the benefit of every defense of which he could have availed himself, or which might have been interposed for him in the trial court; and that where the record shows error, as to a minor defendant, the judgment will be reversed, though there is no appeal on his part, it being the duty of the chancellor, as the guardian of infants, to protect their rights. 22 Cyc. 707, citing *Kempner* v. *Dooley,* 60 Ark. 526; *Parker* v. *Safford,* 48 Fla. 290, and other cases. This same principle has been applied by this Court where the rights of infants have been involved in commissioners reports, not excepted to. *Kestor* v. *Hill,* 46 W. Va. 744, 750; *Laidley* v. *Kline, supra,* 234.

It does not appear, but it may be true, that the coal would be advantageously sold at the price stipulated in the contract, but seeing that the decree appealed from goes to the extent of wholly depriving the infants of their interest in the coal, the duty of the Court seems plain. If the interests of the infants will be promoted by a sale of the coal, at the price stipulated in the contract any injustice to plaintiffs may be overcome by proper judicial proceedings to sell the coal as the property of the infants, when the plaintiffs may become purchaser thereof at such sale, and the proceeds so invested as to protect the rights of all parties.

Our opinion is that the decree in favor of the plaintiff specifically executing the contract of sale in the bill mentioned should

be set aside and annulled, and the bill dismissed; and that as the appellees have substantially prevailed here there should be a decree against appellants for their costs in this Court, and it will be so ordered.

*Reversed and Bill Dismissed.*