# CHARLESTON.

CORA JACKSON, GUARDIAN *v.* GEORGE JACKSON, INFANT, *et al.*

Submitted November 15, 1921.   Decided November 22, 1921.

1. INFANTS—*Supreme Court of Appeals Will Protect Interest of Infant Not Complaining, Though Appeal was by Another Defendant.*

   If the circuit court, in a proceeding to sell or lease an infant's land, fails to properly protect his interest, this court will do so, though the decree or order is not complained of by such infant or his guardian, and the appeal was allowed on the petition of another defendant. (p. 573).

2. GUARDIAN AND WARD—*Petition for Sale of Infant's Land Must Show Necessity or Infant's Advantages from Sale.*

   To justify the sale or lease of an infant's land, under chapter 83 of the Code, the bill or petition must allege facts showing some necessity for so disposing of his land, or showing that it will really be to his advantage to do so. (p. 574).

Appeal from Circuit Court, Marion County.

Summary proceeding by Cora Jackson, guardian, against George Jackson, her infant son, and others for sale of infant's land. Decree for plaintiff, and the defendants appeal.

*Reversed and remanded.*

*Frank C. Haymond* and *Clay D. Amos,* for appellants.

MILLER, JUDGE:

The decrees complained of by the Salvatore Coal Company were pronounced in a summary proceeding, begun by Cora Jackson, Guardian, against George Jackson, her infant son, Cora Jackson, widow of Charles E. Jackson, deceased, Bulah

Lee and Pearl M. Jackson, her adult daughters, and the Salvatore Coal Company.

The object of the petition was to obtain a decree to sell or lease the undivided interest of the infant George Jackson in a body of coal containing fifty acres, underlying a tract of 132.55 acres of land, of which the father of the infant and adult heirs and husband of petitioner died seized and possessed.     Section 12 of chapter 83 of the Code authorizes such summary proceedings, and provides that the petition shall show all the estate, real and personal, belonging to the minor and set forth plainly all the facts calculated to show the propriety of the sale or lease; that it shall be verified by the plaintiff; and that ten days notice shall be given to defendants before such petition shall be heard.

The petition avers that the interests of the infant will be promoted by a sale or lease of his interest in said coal; but the only facts alleged by way of compliance with the provisions of the statute are:     That prior to the filing of said petition the Salvatore Coal Company had offered for a lease of the coal and mining rights seven cents per ton, and that petitioner with one of her daughters had been induced to sign a lease to the said company, conveying the coal and mining rights to it at seven cents per ton royalty, but as the husband of said daughter had not signed said lease, the lease was as to her void; that prior to the filing of the petition, the petitioner in her individual capacity and the adult heirs had agreed to lease the coal with mining rights, at ten cents per ton; and that they had agreed to join in a lease to one George R. Roberts, Trustee.

There is no allegation of any necessity to sell or lease the infant's interest in the coal, for his support or to provide for his education.     It is alleged that his interest in the 132.55 acres of land under which the coal lay, is the only real estate owned by him, and that his personal property does not exceed in value $800.00, leaving it for inference only, that because of the small personal estate, the proceeds from the sale of the coal, or royalties that might be derived therefrom, might be necessary for his support or maintenance.     But these facts are not specifically alleged.     For aught that appears in the

petition, the infant, then being sixteen years of age, might have been employed and making his own living, with no necessity for selling his interest in the coal.

Apparently some evidence was taken to support the petition and justify the sale or lease; but this evidence, if taken down, is not contained in the record.

The infant, then being over sixteen years of age, filed his answer to the petition, alleging that he believed his interest would be promoted by the sale or lease of the coal, but because of his youth he was not qualified to fully comprehend the allegations of the petition, and on account of his infancy commended his interests to the protection of the court.

The only appellant is the Salvatore Coal Company, made defendant in the petition, and which answered the bill, alleging that it had acquired the interest of the widow in the coal by virtue of the lease previously executed by her and her daughter, not joined in by the husband of the daughter. The answer of the appellant and the report of sale or lease made by the guardian to George R. Roberts, Trustee, shows that before sale, appellant had offered for a lease of the infant's interest in the coal his proportionate share of fifteen cents per ton, and in all other respects upon the same terms and conditions as sold by the guardian to said Roberts.

The principal grounds relied upon by appellant for reversing the decrees below are: first, that the court had no jurisdiction to direct a sale or lease of the infant's interest, because such lease would operate against its interest acquired from the widow; and, second, because it was error to ignore the upset bid for the interest of the infant, and for other errors apparent.

The conclusion we have reached in regard to the case does not require us to consider the supposed interests of appellant. We do not think sufficient facts were alleged in the petition to justify the decree of sale of the infant's interest.

While the guardian ad litem answered, by a formal answer, no special defenses were interposed by him; but infants are always the wards of a court of equity, and it is always the duty of the court where the interests of infants are involved, to protect those interests, and this duty extends to the court

of appeals, as well as to the court of original jurisdiction. As we said in *Glade Mining Company* v. *Harris,* 65 W. Va. 162, "on appeal an infant will be given the benefit of every defense of which he could have availed himself, or which might have been interposed for him in the trial court; and where the record shows error, as to a minor defendant, the decree will be reversed, though there is no appeal on his part, it being the duty of the chancellor, as the guardian of infants, to protect their rights."

Wherefore, it becomes our duty to determine whether the petition in this case justified the decrees appealed from, and whether a demurrer interposed thereto ought to have been sustained.     In the recent case of *Bailes, Guardian* v. *Alderson,* 82 W. Va. 342, a proceeding under section 12 of chapter 83 of the Code, the sufficiency of the petition was challenged. It undertook to set forth a number of reasons why the interests of the infants would be promoted by sale of the infants' lands; such as, that the lands of the infants were undeveloped, and were valuable largely for the minerals, and that it was uncertain when they would be developed; that the taxes on the lands amounted to a large sum, which had to be paid out of the personal estate of the infants; and that the price of thirty dollars per acre offered was a good price, and the proceeds of the sale might be invested, and the income therefrom would be of more benefit to the infants than any possible increase in the value of the lands.     But as the petition in that case was lacking in any showing of necessity for the sale of the lands, it was regarded wanting in the necessary averments to justify the sale of the property.     In this case, as we have indicated, there is no showing of necessity for the sale of the infant's coal, and little alleged or proven to justify the sale of the property.     On the contrary, we see from the answer of appellant and the report of sale and the decree confirming it, that a larger price was offered by way of an upset bid for the infant's interest.

Our conclusion is that the decrees of sale and confirmation should be reversed, and the cause remanded, with leave to

petitioner to amend if so advised, if not, to dismiss the petition.

*Reversed and remanded.*