Waugh et al. *v.* Robbins.

JAMES A. WAUGH *et al.*

*v.*

SILAS W. ROBBINS.

1. EVIDENCE IN CHANCERY *must be preserved.* The evidence upon which a decree in chancery is based, must, in some manner, be preserved in the record, or the decree will be reversed.

Waugh et al. *v.* Robbins.

2. FULL PROOF REQUIRED AGAINST INFANTS. This is especially true in reference to decrees against minors. Where minors are defendants to a bill, a decree can only be rendered against them on full proof. Nor can their natural or legal guardians by consent waive this requirement.

3. ALLEGATIONS MUST SUPPORT THE DECREE. A decree will be reversed on error, where the allegations in the bill are insufficient to support its findings.

4. So, where it was alleged in the bill that a conveyance of property which had been mortgaged to the complainant, had been made to different parties from what he had expected, the allegation was held insufficient to authorize a finding in the decree that such conveyance was made *in fraud* of the rights of the complainant.

WRIT OF ERROR to the Circuit Court of Sangamon county, the Hon. DAVID DAVIS, Judge, presiding.

This was a suit in chancery, commenced in the court below by Silas W. Robbins against James A. Waugh and Sarah A. Waugh and Anne E. Waugh, Mary E. Waugh, Sarah W. Waugh, and Lelia E. Waugh, their children, at the March Term of said court, A. D. 1856, to foreclose a mortgage executed by the said James. A. Waugh and Sarah A. Waugh to the complainant.

The bill alleges that the mortgaged property, consisting of a certain lot in the city of Springfield, had been promised to the Waughs as a gift upon condition that a house should be erected thereon; that to enable the said James A. Waugh and Sarah A. Waugh to erect a dwelling house, and make other improvements on said property, the complainant advanced the several sums of money, to secure the payment of which the mortgage was executed; that, after James A. Waugh and Sarah A. Waugh had mortgaged the property to the complainant, the same was conveyed to Sarah A. Waugh *and children* by Ninian E. Primm, who had the legal title when the above promise was made. The bill further alleges, that the complainant took the mortgage with the expectation that the property would be conveyed to Sarah A. Waugh *alone;* that by the terms of the deed the children took jointly one-half of the property, and Sarah A. Waugh the other half, and complainant asks that the whole of the property, or the undivided

half of the same, with all the improvements, be sold to satisfy the mortgage.

The defendants filed their cross-bill admitting the conveyance to Sarah A. Waugh and children, and alleging that they were very poor, and that the said children were minors and in need of the comforts and necessaries of life, and prayed that the interests of the children in said property might be sold to provide for their support, and that the interest of James A. Waugh and Sarah A. Waugh might also be sold.

Upon a hearing in the court below the decree found that the conveyance of the legal title to the mortgaged property to Mrs. Waugh and children was in fraud of the rights of Robbins, the mortgagee, and declared that said children take no title to said property as against said Robbins, and that the whole of said property be sold to satisfy the mortgage.

There is no evidence presented in the record to support the decree.

The defendants bring the case to this court for review upon writ of error.

There are only two questions properly presented by the record: *first*, whether the allegations in the bill are sufficient to authorize the finding in the decree that the conveyance to Mrs. Waugh and her children was in fraud of the rights of the mortgagee; and *second*, whether, in the absence of all evidence in the record, the decree can be sustained at all.

Messrs. HERNDON & ZANE, for the plaintiffs in error.

Mr. JAMES C. CONKLING, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In this case complainant exhibited in the court below his bill to foreclose a mortgage, executed by James A. Waugh and Sarah J. Waugh to him. It alleges that the mortgage was executed to secure the payment of money advanced by complainant for the purpose of improving the mortgaged premises.

That at the time the mortgage was executed the mortgagor had no title to the premises, but it was expected the deed would be made to Sarah A. Waugh alone; but on the contrary, the property was conveyed to Sarah A. Waugh and her four children, upon the terms that the children owned jointly one-half of the property, and Sarah A. the other half. That complainant paid the entire consideration for the premises, which was, that it should be improved by the erection of a house thereon, which was built with complainant's money, and the conveyance was made after the building was erected. That the grantees paid nothing. He claims that the property should be sold for the satisfaction of the mortgage.

The adult defendants answer, and insist by way of plea, that they only have a life estate in the premises, and had no other or greater interest. They afterwards filed a cross-bill in which they allege that they are very poor, and their children in need of the necessaries and comforts of life, and their interests in the lot ought to be sold for their support, to say nothing of their education; and that they have no personal property; and pray a sale of their interest in the premises for their support. Complainant answered, admitting the allegations of the cross-bill. The guardian *ad litem* for the minor defendants answered, that he was uninformed of the truth of the allegations of the bill, and required strict proof. On the hearing, the court decreed a foreclosure and sale of the property, also that the conveyance to Sarah A. Waugh and her children was in fraud of complainant's rights, and that the minor defendants take nothing by the conveyance, as against complainant. That the money arising from the sale should be applied to the payment of the mortgage debt, and if any surplus, that it be paid to Sarah A. Waugh for her benefit and that of her children.

There is no evidence in this record to establish the finding of the court that this deed was in fraud of the rights of the mortgagee. Nor does the bill allege that it was in fraud of his rights. It does allege that when he advanced the money and took the mortgage, it was with the expectation that the property would be conveyed to the mortgagors; and that it was

done in the mode described, contrary to his expectations. He does not allege such was the agreement, or that it was so understood. It has been so frequently held by this court that the evidence upon which a decree is based must be in some manner preserved in the record, that it is unnecessary to refer to cases. This is especially true in reference to decrees against minors. Where minors are defendants to a bill, a decree can only be rendered against them on full proof. Nor can their natural or legal guardians by consent waive this requirement. This decree operates to deprive them of their property, and yet no evidence is found in the record, even if the allegations of the bill were sufficient, to authorize such a decree. For these reasons the decree of the court below is reversed and the cause remanded, with leave to amend the bill.

*Decree reversed.*