Frank R. Leonard et al., Appellants, v. Chicago Title and Trust Company, Appellees.

Gen. No. 38,855.

398

Opinion filed December 9, 1936.

FRY & FRY, of Chicago, for appellants.

POMEROY & COLITZ, of Chicago, for certain appellees; PAUL F. POMEROY and PATRICK B. PRESCOTT, JR., of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a decree of the superior court dismissing a bill of complaint after hearing for want of equity. The bill was filed by Frank R. Leonard, as trustee under the will of William H. Sampson, deceased, to set aside a so-called trust agreement entered into with Charles Leo Sampson a son by said William H. Sampson before his death, and asking for an order on the holder of certain capital stock thereunder, viz.: Chicago Title and Trust Company, to turn it over to Frank R. Leonard, as trustee of the estate of William H. Sampson, deceased. The agreement involving 70 shares of stock owned by William H. Sampson was entered into by him with the Chicago Title & Trust Co., as trustee. The case was tried by the court on the bill and answer only as per agreement of counsel and the order of court, and resulted in a decree dismissing the bill for want of equity, from which decree this appeal was taken.

Plaintiff's theory is that the agreement set out in the bill of complaint is illegal and void because it violates the rule against perpetuities; that the agreement constitutes an agency only and as such ended when

William H. Sampson died, January 4, 1932; that the object of the transaction was an offer of the stock for sale to Charles Leo Sampson, by William H. Sampson, and since the offer was not accepted before the death of William H. Sampson, it lapsed.

Defendants' theory it that the agreement does not violate the rules against perpetuities. It provides that Charles Leo Sampson, the cestui, shall take 70 shares of stock upon payment of $7,000, but in no case shall this trust continue for more than 25 years from its date.

It is claimed by plaintiff that in order to properly construe the so-called trust agreement we should also consider two other documents which were executed contemporaneously, viz., the Agreement to Execute the Trust, the Trust Agreement and the subsequent will containing provisions relating to the same subject-matter, being the 70 shares of stock of The Sampson & Ollier Electrotype Co., an Illinois corporation.

The abstract and additional abstract filed in this case give very little information as to what transpired when the cause was before the trial court.

From the abstract of the record we gather that the bill filed involves an Agreement for a Trust, a Trust Agreement and also a Will. Said bill also contains charges of conspiracy, prayer for an accounting and for an injunction, etc. The entire will is not set forth in the abstract nor is it made a part of the record. Therefore, it is impossible for us to find out just what are the interests of the parties here under the will.

In the bill of complaint which was filed in this case, two of the defendants are minors. The court appointed a guardian *ad litem* in their behalf and said guardian filed his answer in which it was stated:

". . . their rights arise under and by virtue of the last will and testament of William H. Sampson,

deceased, on file in the Probate Court of Cook County, Illinois; that plaintiffs herein do not assume a position adverse to these defendants, but on the contrary, specifically admit the rights of these defendants; that as between the plaintiffs and these defendants, no adverse position is shown in said complaint.'' The answer of the guardian *ad litem* then further admits that Dorothy Sampson and Harold Sampson are minors and asks proof of all the other allegations in the bill and submits their rights to the protection of the court and reserves unto themselves all rights and advantages, insists on all defenses, whether interposed or not, in favor of these defendants as such minors, admits none of the allegations in the bill therein set forth, and asks the protection of this court as to any rights to which they may be entitled. All the other defendants in their answers make some admissions as to formal matters, but ask for strict proof on all charges relating to the merits of the controversy.

According to the decree when the case was called for trial it was heard *by an agreement of counsel*. Minors cannot agree in court or be bound by any agreement made in their behalf by the guardian *ad litem*. The guardian *ad litem* cannot waive anything. A decree can only be entered on adequate proof.

When minors appear before a court of chancery, they become wards of the court and it becomes the duty of the court to see that the rights and interests of the minors are protected. A minor is entitled to the protection of the court whether his guardian pleads or not. *Gilmore v. Gilmore*, 109 Ill. 277; *Stark v. Brown*, 101 Ill. 395.

In the case of *Rhoads v. Rhoads*, 43 Ill. 239, the court at page 249, said:

''The rule is inflexible in this State, that the guardian *ad litem* shall make a defense of the interests of the infant as vigorous as the nature of the case will

admit. *Sconce v. Whitney,* 12 Ill. 150; *Enos v. Capps,* id. 255. It is understood to be the special duty of such guardian to submit to the court, for its consideration and decision, every question involving the rights of the infant affected by the suit. This is the scope of the decisions in those cases above referred to, and is so distinctly announced in *Dow v. Jewell,* 1 Foster (N. H.) 486, and in *Knickerbocker v. DeFreest,* 2 Paige, 304, cited *supra.* A bill cannot be taken as confessed against infants under any circumstances, nor their interests decreed away without an answer by the guardian *ad litem,* or on full proof . . . it is further held that nothing can be admitted, but everything must be proved, against an infant . . . whether the guardian *ad litem* answers or not.''

In this case the answer of the minors shows that they claim their interest is the same as plaintiffs and that if the plaintiffs are successful in their contention and the stock in the defendant company is turned over to the trustee appointed under the will of Sampson that they also would benefit thereby. It is of no consequence whether a minor is a plaintiff or a defendant. It is the interest of the minors that the court must guard and, because of that, the court should not appoint any person guardian *ad litem* unless he is satisfied that the appointee will diligently protect the interests of such minors.

No presumption against an infant can be permitted. On the contrary, every presumption is to be indulged in his or her favor. Therefore, in actions against infants all the facts entitling plaintiff to judgment must be sustained by proof and the necessity of establishing the case as against an infant party cannot be obviated by making him or her a plaintiff. *Wilhite v. Pearce,* 47 Ill. 413; *Rhoads v. Rhoads,* 43 Ill. 239; *Quigley v. Roberts,* 44 Ill. 503. The practice is well settled that, even if there is a guardian, a decree cannot be entered

against a minor unless it be on proof of the allegations of the bill. It cannot be taken as confessed, nor can the guardian admit the bill so as to bind minor defendants. It is the duty of the court to protect the interests of minors and to refuse to enter a decree depriving them of their rights, except on the same proof that would be required if every material allegation of the bill had been denied by an answer. It is error to render a decree on any less proof. *Quigley v. Roberts, supra.*

The trial court did not hear any evidence, but by its order said that it was heard on the bill and answer. Just how the court can dispose of an issue made by a bill and answer, in which almost every allegation of the bill is denied and the answer alleges lack of knowledge and call for strict proof, without hearing evidence, we fail to comprehend. However, we would not be inclined to raise any question as to this method of disposing of the matter, since the adult parties were represented by counsel and they raised no objection in the court below, nor in this court, but a different situation is presented where the rights of minors are involved. *Waugh v. Robbins,* 33 Ill. 181.

The guardian *ad litem* did not pursue the appeal to this court. We presume, so far as we are permitted to conjecture from the answer of the guardian *ad litem,* that the interests of these minors are allied with those of the plaintiffs and that they would be beneficially interested in having the trust agreement vacated and in having the property involved become part of the estate of William H. Sampson and that when the order was entered by the trial court dismissing plaintiff's suit and finding the equities in favor of the defendants, it was, in truth and in fact, a finding against the minors and their interests. Issues cannot be disposed of as against minors without full proof. An error was

committed by the trial court in having such a hearing and in entering such an order without any testimony as to the rights of the parties under the issues that were made. Having been met at the outset by this fundamental error, which will necessitate a new trial, we refrain at this time from passing upon the other issues involved.

Again we must say, one of the most important functions that a chancellor can exercise is in the appointment of a guardian *ad litem*. When the issues involve a minor, a guardian *ad litem* should be appointed and the court should see that such guardian *ad litem* properly protects the interests of that minor or minors. He should not appoint one nominated by the opposing interests. So far as the record here discloses the guardian *ad litem* was not present at the trial and, as before stated, his appearance has not been filed in this court, although it was his duty to do so.

For the reasons herein given the decree of the superior court is hereby reversed and the cause is remanded for a new trial.

*Decree reversed and cause remanded.*

HEBEL and HALL, JJ., concur.