**217 P.2d 857**

**HARPER v. HARPER.**

**No. 5251.**

Supreme Court of New Mexico.

April 28, 1950.

William T. O'Sullivan, Albuquerque, Richard C. Losh, Albuquerque, F. Craig Morton, Jr., Albuquerque, for appellant.

Iden & Johnson, Albuquerque, James T. Paulantis, Albuquerque, for appellee.

SADLER, Justice.

The primary question submitted for decision is whether the district court, upon decreeing an absolute divorce of the wife from her husband and ordering a dissolution of the community with a division of the community estate, may properly set over to the wife his one-half interest in a real estate purchase contract and a deed of trust, identified and adjudged to be community property, in lieu of an award of lump sum alimony.

A statement of the initial question submitted would suggest the husband, the plaintiff below, as the complaining party who presents it and seeks our answer. Strangely, such is not the case. Instead, it is the wife who does so. The parties were married in Safford, Arizona, on April 8, 1941. Prior to marriage the husband had acquired certain town lots in Las Cruces, New Mexico, which he still owned at the time of the divorce. The trial court set them over to the husband as his separate estate. Subsequent to marriage he had acquired other real estate in the city of Albuquerque consisting of town lots upon which two houses intended for residence purposes had been constructed. The trial court held these lots with the improvements thereon to be community estate. Separate sales of the two residence properties had been made by the husband prior to trial of the divorce suit. Their entire value is represented by the sum of $4,450.00 still unpaid on an escrow purchase money contract held by the husband in the one instance, and a note in the husband's favor in the sum of $4,618.76 secured by a deed of trust on the property sold in the other case.

The power in the district court to award the wife as lump sum alimony the husband's interests in the community property and to set it over to her in satisfaction thereof is challenged by counsel for the defendant (appellee) as beyond its jurisdiction. All the court can do, argue her counsel, is to make an equal division of the community property and any effort to set over to the wife a share of the husband's interest therein in lieu of alimony exceeds the trial court's jurisdiction and is void. There are two answers to this contention, either of which is sufficient unto itself. In the first place, in awarding to the wife the husband's one-half interest in the properties in question in lieu of alimony, the trial court was doing exactly what she requested it to do by her tendered conclusion of law No. 9. Counsel may not lead the trial court into error and then complain of it. Heisch v. J. L. Bell & Co., 11 N.M. 523, 70 P. 572; Gillett v. Chavez, 12 N.M. 353, 78 P. 68. The requested conclusion of law reads: "That the defendant is entitled to alimony and the interest of the husband in the real property located in Bernalillo County, New Mexico, and the Hart Deed of Trust will be awarded to the wife in lieu of alimony; that title to said property should be vested

in the defendant; that both parties will be required to execute papers necessary to clear and transfer title to said property, and that the Court retains jurisdiction of this cause for the purpose of altering or amending the award of alimony."

In the second place, the trial court committed no error. Our statutes relating to divorce, the award of alimony, and a division of community property incident to divorce, fully empower the court to do what it did in this respect. 1941 Comp. §§ 25-706, 25-716; Loveridge v. Loveridge, 52 N. M. 353, 198 P.2d 444. See, also, annotation at 133 A.L.R. 860. It is true enough that the statute, 1941 Comp. § 25-706, L. 1901, c. 62, § 27, authorizing an award of property in lieu of alimony, mentions only "separate" property. It is the same with 1941 Comp. § 25-716, L. 1947, c. 16, § 1. Nevertheless, this circumstance is entitled to little weight when we consider that upon division of community property incident to divorce, separation or support suits, what was theretofore community property becomes henceforth the separate property of the respective spouses. The defendant is not prejudiced by the ruling of the trial court in this particular and she is in no position to complain if it were otherwise.

The defendant also complains because the trial court failed to find, as requested by her, that the plaintiff refused to support her from February 1, 1947, to date of trial, and that during such time she lived with and was supported by her parents for the twenty-seven (27) months of elapsed time, for which seventy-five ($75.00) dollars would be a reasonable monthly charge; and, also, because the trial court refused to conclude from the finding proposed that she was entitled to $2,025.00, as support money for the period of time her parents so supported her. We see no error in the trial court's refusal of the finding and conclusion requested touching this matter. Although the father of defendant admitted he supported her over the period in question, she made no claim that she had paid her parents for any support given her: If a cause of action therefor exists in anyone for such support, it is in the father of defendant under the express language of 1941 Comp. § 65-203. He is not a party to this suit and has made no claim in it for the support furnished his daughter. Clearly, the trial court did not err in declining to award judgment to defendant for the amount of this item. If plaintiff be indebted to the father of defendant for support rendered her while living apart from her husband, it is a matter to be settled between them and not in this divorce suit between the plaintiff and defendant.

It is also claimed the trial court erred in failing to assess the sum of $2,-000.00 against the husband's interest in the community property awarded her by reason of certain moneys said to have been received by him and used for his personal

benefit, both on the purchase contract under which one residence property was sold and under the deed of trust existing in the husband's favor after a sale of the other residence property. The point sought to be made is that the value of the property being received by the defendant wife in lieu of alimony would be accordingly reduced. The trouble with this claim of error is that the finding of fact upon which counsel would rest the proposed conclusion of law was refused by the trial judge upon conflicting evidence. It is not explained how we may properly ignore the rule giving finality to a finding made in such circumstances.

Nor do we see error in the trial court's action in fixing the amount of attorneys' fees allowed the defendant. The amount does seem low, but the evidence disclosed factors, such as continuances at her instance and frequent changes of attorneys, and the award to her, in lieu of alimony, of practically all the community property accumulated, which likely moved the trial court to conservatism in the matter. At least, we are unable to say there was an abuse of discretion, absent which we should leave undisturbed this action of the trial court. Elsea v. Broome Furniture Co., Inc., 47 N.M. 356, 143 P.2d 572.

Other errors are claimed but they are not well taken and do not merit discussion. It should be added, in closing, that there were no children born of this marriage.

The judgment of the trial court will be affirmed.

It is so ordered.

LUJAN, McGHEE, and COMPTON, JJ., concur.

BRICE, C. J., did not participate.