226 P.2d 457

**HADEN et al. v. EAVES et al.**

**HADEN et al. v. MANGHAM et al.**

No. 5302.

Supreme Court of New Mexico.

Oct. 19, 1950.

Rehearing Denied Jan. 13, 1951.

John R. Brand, Hobbs, Robert W. Ward, Lovington, for appellants.

Atwood, Malone & Campbell, Roswell, for appellees.

McGHEE, Justice.

We have appeals from judgments rendered in cases numbered 7865 and 8147 in the District Court of Lea County. In the first, O. T. Haden and his minor son, Oswald Gail Haden, sued Rose Eaves and others. In the second they sued Thelma V. Mangham and others. In each case O. T. Haden sought to quiet title to a one-sixteenth interest in the east half of Section 1, Township 17 South of Range 38 East, and the minor sought to quiet title to an undivided three-sixteenth interest in the same land.

By stipulation, the parties in case 8147 agreed to be bound by the decision in case 7865 as though consolidated, and that the parties to the latter suit should have the right to appeal on the record in case 7865. The cases have been consolidated and considered here as one appeal. We will refer to the parties as they appeared below.

The trial court held that the plaintiffs had lost their title to the interests claimed by reason of a sale for taxes for the year 1937 on account of which a tax deed was acquired by Thelma V. Mangham. It also found that O. T. Haden had abandoned the property and was guilty of laches. Judgments were rendered on cross-complaints of some defendants quieting their titles against the Hadens.

Haden and his son are the surviving husband and child, respectively, of Cleo Ora Canada Haden, who, at the time of her death, owned an undivided one-fourth interest in the half section above described. Her brother, Charley Jefferson Canada, and her sisters, Thelma V. Mangham and Willie Clifton Canada, each owned a like interest in the land at the time it was rendered for 1937 taxes. Due to a shortage of acreage a one-fourth interest actually amounted to 77.66 acres.

Thelma V. Mangham rendered the entire half section for taxes for the year 1937 in her name, and her sister, Willie Clifton Canada, rendered an undivided one-fourth interest in the half section for 1937 in the name of "Charles J. Canada Estate."

On February 4, 1938, Thelma V. Mangham paid to the county treasurer the amount due for taxes on a 106½ acre interest in the half section, and in addition paid the proportionate amount due on a 50 acre interest then owned by W. C. Weatherby upon which she held a tax sale certificate at the time.

The tax authorities allowed Mrs. Canada's claim for exemption as head of a family for the amount of taxes due on her interest, so one-fourth of the amount of the tax was still due on the books of the treasurer.

On the same day Thelma V. Mangham made the tax payments as above set out, she conveyed to J. S. Eaves, predecessor in interest of Rose Eaves, an undivided $11/32$ interest in the half section.

An undivided one-fourth interest in the half section was sold for the amount of delinquent taxes. After the sale by Thelma V. Mangham of the $11/32$ interest to Eaves, she purchased a tax sale certificate for such 77.66 acre interest. On March 31, 1941, she acquired a tax deed for the interest described in the certificate. There is nothing in the certificate or deed to indicate the ownership of the interest sold. She later sold a part of this acreage to Eaves.

The trial court found as a fact that Thelma V. Mangham did not own any interest in the half section at the time she acquired the tax sale certificate or deed, and concluded that she was not at such times a co-tenant of the owners_of the other fractional interests.

After the submission of the case we invited the parties to submit supplemental briefs on the question of whether the interests of the plaintiffs were lost through the tax sale and that they, therefore, had to bear the entire loss, or whether all cotenants lost a proportionate part of the half section. Such briefs were filed and have been considered with the others in the case.

The defendants call our attention to the fact that the case was tried below by all parties and decided by the trial court on the theory that the Haden interests were the ones sold, and the trial court at the request of the plaintiffs and defendants made a finding that the Haden interests were the ones sold for taxes. They say that the plaintiffs should not be allowed to shift their position here. We feel compelled to recognize the force of these contentions as to the adult, O. T. Haden. We recently said in the case of Harper v. Harper, 54 N.M. 194, 217 P.2d 857, that where a finding of fact was made at the request of a party he could not here attack it, and was bound by such finding. We have held many times that cases will be reviewed here on the theory they were presented and decided below. N. H. Ranch Co. v. Gann, 42 N.M. 530, 82 P.2d 632; Horton v. Atchison, T. & S. F. Ry. Co., 34 N.M. 594, 288 P. 1065, and Park v. Milligan, 27 N.M. 96, 196 P. 178.

Is the minor defendant bound by the act of his guardian ad litem in requesting this finding and by the latter's assignments of error, so we may not consider the question raised by the court of its own motion? The point was not briefed by the parties, but we have made a study of the question.

This court in Ortiz v. Salazar, 1 N.M. 355, on its own initiative ordered interest added to a judgment granted the appellee for the time the appellant used his money during minority. Cf. Bent v. Miranda, 8 N.M. 78, 85, 42 P. 91.

In 3 Am.Jur. Sec. 249 (Appeal and Error) it is stated: "Upon the question whether an infant party may complain in the appellate court of errors not objected to in the trial court, the authorities are not in accord. On the theory that the law jealously guards the rights of infants, and that they are wards of the court and are not to be prejudiced by any act or default of their guardian ad litem, the court being bound to protect their interest notwithstanding the failure of their guardian to do so, the better rule seems to be that the appellate court will protect the rights

of infants, although no objection is made or exception is taken in the trial court."

Annotations on the subject appear in 87 A.L.R. pp. 672 and 675, and in Ann.Cas. 1913B, 443, where cases on both sides of the question are set out. Spotts v. Spotts, 331 Mo. 917, 55 S.W.2d 977, 87 A.L.R. 660, and Byrnes v. Butte Brewing Company, 44 Mont. 328, 119 P. 788, Ann.Cas. 1913B, 440, are listed as holding that infants are bound by the same rules as adults. However, a study of these cases shows they lend but little support to such rule. In the Spotts case there was a deficient record and there had not been a compliance with the statute requiring formal exceptions and a motion for new trial. Many cases holding to the contrary are discussed in the opinion, and it is said that if the case had been in equity where there would have been a trial de novo, the court would have considered the claimed errors, citing Revely v. Skinner, 33 Mo. 98.

The opinion in the Byrnes case is qualified by the statement that the court was considering a negligence case, and that the minor was represented by competent counsel and no substantial error was committed against him.

There are many cases from various jurisdictions holding that an appellate court will not permit an erroneous judgment or decree against a minor to stand, notwithstanding the failure of the guardian ad litem to make a proper record; and there are a number of cases where there was an appeal before the court in which the minor had not joined, but the courts observed the errors and reversed the erroneous judgments or decrees on their own motion. We will review a few of them.

In Tillar v. Cleveland, 47 Ark. 287, 288, 1 S.W. 516, 518, Mrs. Tillar was the equitable owner of a lot and on her death her son was her only heir; the father of the son entered into an agreement with the holder of the legal title whereby it was agreed that upon payment of certain money the lot would be conveyed to the father of the minor. Suit was filed by the owner of the legal title to foreclose a lien and the infant was made a party. The father defended on the ground of usury, among other defenses, all of which were adopted by the guardian ad litem. An appeal was taken to the Supreme Court, but the minor was not a party thereto. The appellate court on its own motion noticed that the father was erroneously decreed to be the owner of the lot instead of the minor, and said: "The father could not, by any arrangement entered into with the holder of the legal title, appropriate the property of his minor child. We do not commonly correct errors committed against parties who have not appealed; but the chancellor is the guardian of all infants whose rights are drawn in question before him, and it is our duty to see that they are protected."

Kempner v. Dooley, 60 Ark. 526, 31 S.W. 145, 147, was a suit to secure an indebtedness of the owner of one of the tracts. The decree erroneously ordered the land of the surety sold first, and in this tract a minor had an interest and was a party defendant. The principal debtor appealed on the ground that the trial court had refused to allow him to amend his answer at the close of the trial and plead usury. The Supreme Court held the allowance of the amendment was a matter in the discretion of the trial court. The error against the minor was noticed although he had not appealed, and the court stated: "In this case, however, there is no appeal from the decree that Allen Adams' land should be first sold by any of the heirs of Allen Adams. But one of these heirs who was made a party to the suit was an infant at the time of the decree, and still is, and, though she has not appealed, a court of chancery will protect her interest, as minors in a suit in equity are wards of a court of chancery. 'The chancellor is the guardian of all infants whose rights are drawn in question before him, and it is our duty to see that they are protected.' Tillar v. Cleveland, 47 Ark. [287] 288, 1 S.W. 516. For the error in ordering the interest of the minor heir in the Allen Adams' land first sold to satisfy the debt of B. L. Adams the decree is reversed".

· In Parken v. Safford, 48 Fla. 290, 37 So. 567, 569, a decree had been entered below on insufficient proof and one of the defendants was a minor. It also appears that the guardian ad litem had failed to properly protect his record. On appeal the court stated:

"It must also be borne in mind that one of the defendants was an infant, and therefore 'it was the duty of a court of equity to see that the interests of minors are protected in suits before it, whether the claim or defense be properly pleaded or not; and for this purpose the chancellor should look to the record in all its parts, and of his own motion give to the minors the benefit of all objections and exceptions appearing thereon, as if specially pleaded.' (Citing cases.)

"The same rule obtains on appeal, and the appellate court will protect the rights of infants, although no objection or exception is taken, and even though there is no appeal on the part of the infant. 10 Ency. Pl. & Pr. 679, and authorities cited in notes."

Glade Coal Mining Co. v. Harris, 65 W. Va. 152, 63 S.E. 873, 877, is a leading case on the subject. Specific performance of a contract to convey coal made during the lifetime of the then fee owner was sought. Minor heirs were made defendants but did not join in an appeal from an adverse judgment. The appellate court held the decree was erroneous, and then said:

"* * * What shall we do with the decree against the infant defendants? The admis-

sions in the answer of Priscilla C. and Ira Harris in no way bind the infants. If binding on Mrs. Harris, they effect her life estate only, giving plaintiffs no right to specific execution of the contract for coal. This leaves the plaintiff without evidence to support its bill, and clearly not entitled to a decree against the infant defendants. We do not find that the question now for decision has heretofore been directly decided by this court, but in other jurisdictions it has, and held that the rule that it is the duty of the courts to protect the interests of infant litigants applies to an appellate court into which the case is brought as well as to the trial court, and hence that on appeal an infant will be given the benefit of every defense of which he could have availed himself, or which might have been interposed for him in the trial court, and that where the record shows error, as to a minor defendant, the judgment will be reversed, though there is no appeal on his part, it being the duty of the chancellor, as the guardian of infants, to protect their rights. (Citing cases.) This same principle has been applied by this court where the rights of infants have been involved in commissioners' reports, not excepted to. (Citing cases.)"

Leonard v. Chicago Title & Trust Co., 287 Ill.App. 397, 5 N.E.2d 282, 283, was an action to set aside a trust agreement in which minors and adults were defendants. The minors were not parties to the appeal. The case was heard by stipulation of the attorneys on the bill and answer, but the guardian ad litem was not present at the trial. The appellate court said:

"According to the decree, when the case was called for trial, it was heard by an agreement of counsel. Minors cannot agree in court or be bound by any agreement made in their behalf by the guardian ad litem. The guardian ad litem cannot waive anything. A decree can only be entered on adequate proof. * * *

"The trial court did not hear any evidence, but by its order said that it was heard on the bill and answer. Just how the court can dispose of an issue made by a bill and answer, in which almost every allegation of the bill is denied * * * we fail to comprehend. However, we would not be inclined to raise any question as to this method of disposing of the matter, since the adult parties were represented by counsel and they raised no objection in the court below, nor in this court, but a different situation is presented where the rights of minors are involved. Waugh v. Robbins, 33 Ill. 181."

Although the guardian ad litem did not even enter an appearance in the appellate court, the judgment was reversed for a new trial.

In Warrior v. Stith, 174 Okl. 150, 50 P.2d 179, the interests of a minor in land that had been sold for taxes were protected by

the court, although he had not filed a brief in the case.

The last expression we find on the subject is in the case of In re Deming's Guardianship, 192 Wash. 190, 73 P.2d 764, 770, in which the accounts of the guardian of three minors were involved.

There had been no cross-appeal from a portion of the decree that was adverse to the minors, and the appellants asserted that, therefore, no relief could be granted them. We quote from the opinion:

"At the outset, appellant argues that respondents, having taken no cross-appeal, are bound by the terms of the decree, and cannot avail themselves even of a manifest error therein contained, no matter how prejudicial to themselves. This argument is not sound. This court may notice and correct any evident error prejudicial to the minor respondents, even though they have not appealed. In the case of Glade Coal Mining Co. v. Harris, 65 W.Va. 152, 63 S. E. 873, 877, the Supreme Court of Appeals of West Virginia laid down the rule as follows:

" 'On appeal an infant will be given the benefit of every defense of which he could have availed himself, or which might have been interposed for him in the trial court, and that where the record shows error, as to a minor defendant, the judgment will be reversed, though there is no appeal on his part, it being the duty of the chancellor, as the guardian of infants, to protect their rights.' "

It is further stated in the Deming case: "As was said in the case of Coleman v. Crawford, 140 Wash. 117, 248 P. 386, where minors are concerned in proceedings pending before a court, the minor is represented not only by a guardian, but also by the court itself."

The Supreme Court of Oklahoma announced the same rule in Title Guaranty Co. v. Foster, 84 Okl. 291, 301, 203 P. 231.

We do not say that we would go as far as some of the courts in the cases cited above, but we fully approve the doctrine that courts of equity should not sit idly by and see guardians lose the estates of their wards through mistakes in judgment or neglect of their duties. We also approve the rule that a minor who has a case in court is represented not only by his guardian ad litem, but by the court itself. A guardian ad litem is an arm of the court whose function is to protect the ward, and a court must not permit its arm to strangle him.

Here we have a case where the interests of the minor and his father are separable; both have appealed and we see what we believe to be a serious error made in the case against the interests of the minor. We cannot in good conscience sit with folded hands, adopt the attitude of

umpires in a contest between adults, apply our ordinary rules of civil procedure and say that because of a mistake of the guardian ad litem in trying the case on an erroneous theory the minor must lose all. On the contrary, we will proceed to a determination of the question of whether it was an undivided 77.66 acre interest in the entire half section, with all owners, including the Hadens, losing a proportionate part.

As heretofore stated, the taxpayers return on which the assessment was made was upon the entire half section. The lien of the state covered the entire tract so long as any part of the taxes remained unpaid. Our statutes, Sec. 76-411, 1941 Compilation, provide that the taxpayer may pay taxes on any part of the land, but we are of the opinion this means all of the tax due on a particular acreage or footage, not on an undivided interest. If co-tenants in fee lands could pay the taxes due on their proportionate or fractional interests, an intolerable situation would develop and the state would find itself with liens on small· fractional interests that could not be sold for the taxes due. In addition, it is the duty of all co-tenants to pay the entire tax due on the land in which they have an interest, with the right of recovery against their co-tenants for their proportionate part.

The judgments that the minor, Oswald Gail Haden, lost his entire interest in the half section are erroneous and will be reversed. We hold that the undivided 77.66 acre interest sold for taxes was in the entire half section, and that the minor lost only his proportionate part.

We will now proceed to a determination of the appeal of O. T. Haden, the adult, on the record made below and his assignments here.

Three errors are assigned. In substance they are as follows:

1. That there was an assessment of the fractional Haden interests for 1937, separate from the other interests, and it was, therefore, void.

2. That Thelma V. Mangham was a co-tenant of the Hadens when she acquired the tax sale certificate and tax deed, and her acts amounted to a redemption of the property for her co-tenants.

3. That O. T. Haden was not guilty of laches.

The first assignment was abandoned and will not be considered.

A sufficient answer to the second assignment is the finding of the trial court that Thelma V. Mangham owned no interest whatever in the half section when she acquired the tax sale certificate and later the deed. The finding is not directly attacked and it must be accepted here. Bounds v. Carner, 53 N.M. 234, 205 P.2d

216. This point must, therefore, be ruled against the plaintiff, O. T. Haden.

Our holding on the co-tenancy question makes it unnecessary to consider the assignment on laches.

As above stated, the interests of O. T. Haden and his minor son are separable, so we may protect the interests of the minor on what we find in the record and our view of the applicable law; but we will treat the appeal of the adult as we would any ordinary case. The defendants call our attention to the fact that the filing of this case was instigated by Gordon Cone and that he entered into a claimed champertous contract with the elder Haden, whereby Cone was to finance the case and receive one-fourth of the recovery. The elder Haden has lost his case, but in any event the rights of the minor could not be prejudiced by such a contract. Any claim by Cone against the minor will, no doubt, be scrutinized by the judge to whom it will have to be presented.

The judgments against O. T. Haden will be affirmed, but reversed as to the minor, and the cases will be remanded to the District Court with instructions to set aside its judgments as to the minor on his complaint and the cross-complaint of the defendants whose title was quieted against him, and to enter judgments in accordance with the views herein expressed.

One-fourth of the costs will be taxed against O. T. Haden and the balance against the defendants.

It is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.

On Motion for Rehearing

McGHEE, Justice.

In their motion for rehearing the defendants say our opinion holds, in effect, the owner of an undivided interest in realty may not separately render and pay the taxes due on his interest. It was not our intention the opinion should be so understood, but rather that when a tract is assessed as an entirety in the name of one or more of the owners, a tenant in common may not pay his proportionate share and thus discharge the lien of the state on his undivided interest. The lien of the state on the entire tract continues until all taxes assessed are paid. Baca v. Village of Belen, 30 N.M. 541, 240 P. 803; Toothman v. Courtney, 62 W.Va. 167, 58 S.E. 915; State v. Central Pocahontas Coal Co., 83 W.Va. 230, 98 S.E. 214, 219. There are cases holding this may be done, but they are controlled by statutes providing therefor.

The principal ground relied on by the plaintiffs for a reversal was the claim that an assessment of undivided interest in land

in New Mexico was void, and therefore no valid tax title could be based thereon. The defendants met this contention with the following: "The rendition of the entire East Half of Section 1 was made by Thelma Mangham and appears at page 242 of the transcript."

The record supported the statement and the plaintiffs in their reply brief accepted it as true. Later when the parties were invited to file additional briefs on the question of whether an undivided one-fourth interest in the entire tract was sold or only the Haden interest, the defendants stated that after the rendition by Thelma Mangham, Mrs. Canada had also rendered her one-fourth interest by separate assessment. As the members of the Canada family who owned such one-fourth interest were not parties, we did not consider their assessment. So far as the parties now before the court are concerned, their interests were, according to their own statements, covered by the one assessment. Had the owners of the Canada interests been parties, the effect of their subsequent rendition of their one-fourth interest would have been a matter for determination by the court. They may or may not be able to bring themselves within the provisions of Sec. 76-207, 1941 Compilation, which allows an assessor to assess property against the estate of a named person until it is reduced to the possession of some one under the laws of distribution and descent or by virtue of testamentary disposition.

The defendants also urge upon us their claim that if given the opportunity they can show that the Haden interests were the ones actually sold. It is not clear just how this can be done under the assessment, tax sale certificate and deed with their unambiguous descriptions and the law as declared in this case; but we are willing for the defendants to have their day in court on the point.

The defendants call our attention to the fact that there are several people whose interests are affected by our decision who are not parties to the suit, and for a determination of all interests the case should be remanded with directions to bring in all such parties. We agree with defendants that the former opinion should be modified so new parties may be added and they have their day in court on all issues. Hugh K. Gale Post No. 2182 v. Norris, 53 N.M. 58, 201 P.2d 777.

The opinion heretofore filed will be modified to the following extent:

The defendants may offer their proof in support of their claim that the Haden interests were the ones actually sold, and if it be admitted, the plaintiffs may offer their proof, if any, in opposition thereto. The assessments as made on the tax rolls may also be proved. All necessary parties may

be made defendants, or cross-defendants, with such amendments of the pleadings as may be deemed proper.

The trial between the plaintiffs and the new defendants will, of course, be conducted as a new case between them; but as to the plaintiffs and the defendants now in the case, the new trial will be limited as above provided and such new issues, if any, as may be raised by amended pleadings.

The other matters urged in the motion for rehearing are deemed to be without merit.

In view of the modification of the opinion as above stated, the motion for rehearing will be denied.

It is so ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

COORS, J., not participating.