This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39542**

**ERIC VASCONSELLES,**

Worker-Appellant,

v.

**UNIVERSITY OF NEW MEXICO and NEW MEXICO RISK MANAGEMENT,**

Employer/Insurer-Appellees.

**APPEAL FROM WORKERS' COMPENSATION ADMINISTRATION**
**Rachel A. Bayless, Workers' Compensation Judge**

Dorato & Weems LLC
Derek Weems
Albuquerque, NM

for Appellant

Garcia Law Group, LLC
Teague Williams
Bryan C. Garcia
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Eric Vasconselles (Worker) appeals an order from the Workers' Compensation Administration denying his request that his former employer, University of New Mexico, and its insurer, New Mexico Risk Management, (collectively, Employer) pay one hundred percent of his attorney fees, pursuant to the fee shifting provision in NMSA 1978, Section 52-1-54(F)(4) (2013). Worker contends the workers' compensation judge

(WCJ) erred by concluding he failed to demonstrate entitlement to fee shifting. We affirm.

## BACKGROUND

{2}     Worker filed a complaint seeking benefits under the Workers' Compensation Act (the Act) for injuries he received while working for Employer. Employer denied the compensability of some of Worker's injuries and rejected Worker's three offers of judgment. The second and third offers of judgment—in exchange for Employer's payment of Worker's outstanding medical bills and temporary total disability or temporary partial disability benefits until Worker reached maximum medical improvement (MMI)—would have provided Employer with $50 and $30 credits, respectively, toward its next temporary total disability payment to Worker.[1] In both offers, Worker reserved, among other things, his right to all continuing and future medical benefits under the Act.

{3}     Ultimately, the parties reached a lump sum settlement agreement under NMSA 1978, Section 52-5-12(D) (2009). Under the terms of the settlement, Employer agreed to pay Worker's outstanding medical bills through the date of the settlement's approval, three days after Worker reached MMI. Additionally, Employer agreed to pay a lump sum of $33,000 to Worker, with $18,500 allocated to indemnity benefits and $14,500 allocated to future medical benefits. In exchange, Worker waived all of his rights under the Act related to his claim against Employer, including any right to future medical benefits that he had sought in his offers of judgment.

{4}     After the settlement agreement was approved by the WCJ and memorialized in a compensation order, Worker filed an application requesting that Employer pay one hundred percent of his awarded attorney fees, pursuant to the fee shifting provision of Section 52-1-54(F)(4), on the ground that he received more in the compensation order than he offered in his offers of judgment. The WCJ denied Worker's request, and ordered Worker and Employer each to pay fifty percent of Worker's awarded attorney fees. *See* § 52-1-54(J) (providing that, unless a fee shifting provision applies, the worker's attorney fees shall be shared equally by the worker and the employer). In the order, the WCJ found she could not determine whether Worker received more under the compensation order than he offered in his second and third offers of judgment, and thus, Worker failed to demonstrate he was entitled to fee shifting.[2] Worker appeals from this denial.

---

[1]Because Worker did not raise the first offer of judgment in his fee shifting application, only Worker's second and third offers of judgment are relevant to the resolution of this appeal.

[2]Worker contends the WCJ erred by limiting the fee shifting inquiry to his third offer of judgment and not considering his second offer of judgment. Although the WCJ stated, at one point in the order denying Worker's fee shifting application, that Worker's third offer of judgment "effectively replaced" Worker's second offer of judgment, the WCJ otherwise applied, in relevant part, the reasons for rejecting Worker's fee shifting application equally to both the second and third offers of judgment. We therefore do not address Worker's contention that the WCJ erred by only considering the third offer of judgment.

**DISCUSSION**

**{5}** The sole issue on appeal is whether the WCJ erred in ruling the fee shifting provision of Section 52-1-54(F)(4) does not apply. "Three requirements must be met for a worker's offer of judgment to trigger the fee-shifting provision." *Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 18, 428 P.3d 265. "[A]n offer of judgment must be (1) a valid offer under Section 52-1-54(F) . . . , (2) for an amount less than the award at trial, and (3) an offer which the employer rejected."[3] *Baker*, 2018-NMSC-035, ¶ 18. The parties, both before the WCJ and on appeal, dispute only whether Worker satisfied the second requirement—i.e., that the offers of judgment were for an amount less than that awarded in the compensation order.[4] We "review for abuse of discretion the factual findings underlying the judge's . . . order that determined whether to impose statutory fee-shifting." *Baker*, 2018-NMSC-035, ¶ 30. We review the application of law, and any interpretation of workers' compensation statutes, de novo. *Romero v. Laidlaw Transit Servs., Inc.*, 2015-NMCA-107, ¶ 8, 357 P.3d 463. For the reasons that follow, Worker has not persuaded us that the WCJ erred. *See Villanueva v. Sunday Sch. Bd. of S. Baptist Convention*, 1995-NMCA-135, ¶ 26, 121 N.M. 98, 908 P.2d 791 (providing that a worker "must clearly point out error" to justify reversal on appeal).

**{6}** The WCJ ruled Worker did not demonstrate that he received more in the compensation order than in his offers of judgment and therefore denied Worker's fee shifting application. As best we can tell, the WCJ articulated two primary bases for this decision: (1) the value of Worker's future medical benefits, reserved in the offers of judgment, were speculative and thus could not be compared with the compensation order, which earmarked $14,500 for such benefits; and (2) the offers of judgment

---

3The WCJ concluded, as a policy matter, that applying fee shifting to lump sum settlements under Section 52-5-12(D) would discourage such settlements. Worker contends it was error for the WCJ to rely on this as a basis for denying his fee shifting application. It is not clear that the WCJ in fact relied on this policy rationale to deny Worker's fee shifting application. But regardless, because it is not dispositive, we assume for purposes of our analysis that the WCJ erred in this regard. *See Sanders v. Est. of Sanders*, 1996-NMCA-102, ¶¶ 1, 11, 122 N.M. 468, 927 P.2d 23 (assuming without deciding a legal issue because it is not outcome-determinative). That is, we assume the fee shifting analysis under Section 52-1-54(F)(4) applies irrespective of whether the compensation order resulted from the parties entering into a settlement under Section 52-5-12(D), as is the case here, or after a trial on the merits.

4As for the third requirement, it is undisputed that Employer did not accept Worker's offers of judgment and therefore they were rejected. As for the first requirement, Employer did not dispute below and does not dispute on appeal that Worker's offers of judgment were valid. *See Baker*, 2018-NMSC-035, ¶ 21 (providing that for an offer to be valid and thus trigger fee shifting under Section 52-1-54(F)(4), the offer must "address the critical issues raised in the complaint," "provide a frame of reference regarding the opposing party's liability," and "must also allow the workers' compensation judge to ascertain whether the offeror received a more or less favorable outcome in the final compensation order compared to what was offered in the offer of judgment" (alteration, internal quotation marks, and citation omitted)). Even though some of the WCJ's findings, as well as the parties' arguments, appear to pertain more directly to whether the offers of judgment were valid, we analyze the issue on appeal as presented by the parties. *See Trujillo v. Presbyterian Healthcare Servs., Inc.*, ___-NMCA-___, ¶ 22, ___ P.3d ___ (A-1-CA-39697, Aug. 17, 2023) (analyzing the lower court's order based on the parties' arguments made below and on appeal, and not necessarily based on the correct legal framework); *see also Haden v. Eaves*, 1950-NMSC-050, ¶ 12, 55 N.M. 40, 226 P.2d 457 ("We have held many times that cases will be reviewed here on the theory they were presented and decided below."). We thus assume without deciding that Worker's offers were valid and only evaluate the second fee shifting requirement.

covered Worker's cervical and parascapular injuries whereas the compensation order closed out Worker's benefits for such injuries, which had been denied by Employer. Worker challenges both of these bases on appeal. Because we agree with the WCJ's first rationale and the additional rationale challenged by Worker, even if error, would not change the result on appeal, we limit our analysis accordingly. *See Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M. 403, 785 P.2d 743 ("Even where specific findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned."); *Wright v. Brem*, 1970-NMCA-030, ¶ 7, 81 N.M. 410, 467 P.2d 736 (providing that this Court's "function is to correct an erroneous result, and not to correct errors which, even if corrected, will not change the result").

{7}      Worker contends he received more through the compensation order than he would have received had Employer accepted his second or third offers of judgment. In advancing this contention, Worker does not challenge the WCJ's finding that the value of Worker's future medical benefits in the offers of judgment were too speculative to provide a point of comparison to the compensation order. Instead, Worker maintains that future benefits are not to be considered in the fee shifting analysis. According to Worker, "The benefits paid, and owed, prior to the date of maximum medical improvement are the point of reference applicable to the Section 52-1-54(F) fee shifting analysis."[5] We are not persuaded. As support, Worker relies primarily on *Baker*, a published case from our Supreme Court. *Baker*, however, addressed only whether the worker's offer, which lacked a definite MMI date and permanent partial disability benefit amount, was too ambiguous to be valid, and whether fee shifting is mandatory when Section 52-1-54(F)(4)'s requirements are met. *See* 2018-NMSC-035, ¶¶ 10, 13, 24-26, 29-32. *Baker* did not address whether the scope of comparison between an offer of judgment and a compensation order should include a worker's reservation of future benefits. *See id.* ¶¶ 18-32; *cf. id.* ¶ 31 (concluding, without any discussion of future benefits, that the record demonstrated the worker received more than he offered). *Baker* thus offers no support to narrow the scope of the fee shifting analysis, as Worker proposes. Worker having cited no supportive legal authority,[6] we assume no such legal authority exists and decline Worker's request to limit our analysis. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is

---

[5]Based on this contention, Worker claims the offers of judgment and the compensation order would have paid him the same medical benefits but the offers would have given Employer a $30 to $50 credit toward the indemnity benefits—thereby meeting the second fee shifting requirement.

[6]Worker additionally cites *Abeyta v. Bumper To Bumper Auto Salvage*, 2005-NMCA-087, 137 N.M. 800, 115 P.3d 816, and *Leonard v. Payday Pro.*, 2007-NMCA-128, 142 N.M. 605, 168 P.3d 177, as well as numerous unpublished opinions from this Court. These authorities also are unavailing. Similar to *Baker*, these cases do not address whether the scope of comparison between an offer of judgment and a compensation order includes future benefits. *See Abeyta*, 2005-NMCA-087, ¶¶ 8-20 (addressing issues unrelated to how a worker's reservation of future benefits in an offer of judgment is assessed in our fee shifting analysis); *Leonard*, 2007-NMCA-128, ¶¶ 21-27 (concluding, without discussing future benefits, that the WCJ did not err in their ruling on attorney fees); *see also, e.g., Benavidez v. Red Sky Plating*, A-1-CA-35977, mem. op. ¶¶ 10-18 (N.M. Ct. App. Feb. 14, 2019) (nonprecedential) (determining, without discussing the issue of future benefits, that the worker received more in the compensation order than he offered in his valid offer of judgment).

cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists.").

**{8}** Having rejected Worker's legal contention, we turn back to the WCJ's rationale for denying Worker's fee shifting application. The WCJ found that "[t]he value of Worker's future medical benefits [sought in his offers of judgment] . . . is speculative at best." As noted, Worker does not challenge this finding, and, as a result, we are bound by it. *See Baker*, 2018-NMSC-035, ¶ 2 ("Unchallenged findings of fact are binding on [an appellate court].than"). In view of this, we perceive no error in the WCJ's ruling that she could not affirmatively answer the "straightforward comparison" required of the fee shifting analysis—i.e., whether "the worker ultimately [got] more than [they] asked for." *Meyers v. W. Auto*, 2002-NMCA-089, ¶ 26, 132 N.M. 675, 54 P.3d 79. In Worker's case, this analysis would have required the WCJ to compare the speculative value of future medical benefits that Worker reserved in his offers of judgment to the $14,500 he received in exchange for waiving his right to future medical benefits under the Act. *See Baber v. Desert Sun Motors*, 2007-NMCA-098, ¶ 17, 142 N.M. 319, 164 P.3d 1018 (providing that compensation orders are compared to offers of judgment "to determine whether attorney fees should be shifted"). Worker acknowledges the difficulty, if not the impossibility, of making such a comparison, stating, "It is impossible for an offer of judgment, or a WCJ's [c]ompensation [o]rder, to predict future eventualities," and, "While [Worker] may get more benefits in the future, he also could hypothetically receive zero value in future benefits." These points bolster the WCJ's ruling that she could not determine whether Worker received more than he offered—a prerequisite to shifting fees. *See Baker*, 2018-NMSC-035, ¶¶ 18, 21.

**{9}** Based on the arguments advanced by Worker and the record before us, we cannot say the WCJ abused her discretion or otherwise erred by ruling that Worker failed to establish his offers of judgment were for amounts less than the compensation order's award. *See Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 15, 121 N.M. 258, 910 P.2d 334 ("An appellate court will overturn a fee award only when there has been an abuse of discretion or when the court has acted beyond reason."); *see also Villanueva*, 1995-NMCA-135, ¶ 26.

**CONCLUSION**

**{10}** For the foregoing reasons, we affirm.

**{11}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**